## RICE ET AL. v. ROSS.

1. VARIANCE.
Variances which neither surprise nor harm a party are not fatal.

2. PRESUMPTIONS—BILL OF EXCEPTIONS.
A bill of exceptions is always to be taken most strongly against the party excepting. No intendments can be made in his favor.

3. BILL OF EXCEPTIONS.
A judgment will not be reversed as unsupported by the evidence when the bill of exceptions contains but a running statement of the testimony. Such a bill could only be sufficient to raise questions of law.

*Appeal from the County Court of Boulder County.*

Mr. CHAS. M. CAMPBELL, for appellants.

Mr. RICHARD H. WHITELEY, for appellee.

BISSELL, J., delivered the opinion of the court.

The successful prosecution of this appeal must, in the end, depend on our view of the weight and strength of the testimony, and our conviction that the case so stands as to permit us to assert our opinion against the judgment of the trial court. The case was tried without a jury. The finding was for the plaintiff, and was rendered on conflicting testimony. There is evidence to support the decree, and, under the practice which prevails in this state, we may not, save under exceptional circumstances, assert our opinion against that expressed by the judge who heard the witnesses. The suit was brought by the plaintiff to enforce a mechanic's lien filed by him against the Colorado mine, in Boulder county. The complaint alleged a hiring and an agreement to pay wages, set up the labor performed by the plaintiff and various assignors, from whom the plaintiff acquired title to their claims for work performed on the same property. It also contained a copy of the lien and whatever allegations were essential to maintain the suit. During the trial many witnesses were offered on both sides as to the terms of the agreement of hiring, and tending to show sundry and divers declarations on the part of the plaintiff and the defendants, which were more or less corroborative of their respective contentions. The contract was somewhat peculiar in its terms, but substantially it was that the parties should go to work on certain specified parts of the property, and do certain designated work. The defendants were to have the privilege of paying the parties, for their labor, $3.00 per day, or give them a written lease on the property on the 1st of June following the employment for a term of six months. The performance of work, the refusal of the defendants to execute a lease at the time named, and the subsequent demand for the payment of the sum due under the wage part of the contract, were proven. The testimony was conflicting, and on it the court could have found either that there was no agreement to pay the stipulated sum of $3.00 per day, and that the parties in

reality were working under a parol license or lease, having the right to the ore which they might extract, or he, on the other hand, could conclude that the plaintiffs maintained their contention, and the defendant's promise was to pay them $3.00 a day, unless he should elect to execute the lease on the 1st of June. It is conceded no lease was executed, and it therefore follows, if the plaintiff's claim was accepted, that he was entitled to recover $3.00 per day for the labor performed by himself and his assignors. The case need be no further stated. The real controversy is apparent from this short history of the transaction.

The errors complained of exhibit the force of the suggestion that the appeal turns on the weight and sufficiency of the proof. The appellants urge a variance between the complaint and the evidence, the plaintiff's failure to establish his right to a lien, because he proved no contract to labor either for himself or the others on whose behalf the suit was brought, and because by the evidence it was made clear that the parties were lessees, and therefore without a right to this particular remedy of lien. If the appellants' contention was accepted as true, and it was conceded the evidence supported it, the plaintiff had no cause of action on the lien which he filed, because there was a failure to establish a contract between him and the defendants. Manifestly, this question is very simply solved by the reply that the court found otherwise, and found that the parties were hired for a wage, definite in amount, and specific in the time during which it was to be earned, and only contingent on the exercise by the defendants of the power to make a lease under the right which had been reserved. The court found from the testimony that the lease was not made, and there was a contract to pay the wages which had become due because of this refusal. The error is consequently unavailable, unless we accept the appellants' contention that the evidence clearly demonstrates the contract was not one of hiring, but was one of lease. While we concede there is much conflict in the testimony, and as it is exhibited in the bill of exceptions that

the court could have found either way, we must, on this conflicting testimony, accept the decree of the court, as supported by sufficient proof to sustain the judgment.

The appellant likewise insists there was a variance between the complaint and the proof, because the complaint alleged a contract, and the evidence showed a contract which was not absolute, but contingent, and this variance should defeat the plaintiff's recovery. There are several answers to this contention. The variance worked no hardship to the appellants, for, although they objected to the testimony on this ground, they alleged no surprise, did not seek a continuance of the case for that reason, but proceeded with the trial of the cause, and introduced their evidence to support their theory of the contract. Variances are seldom fatal under our practice, and, while the rights of parties are abundantly protected by the rule which prevails, they must pursue it, in order to be entitled to any relief because of the disagreement between the pleadings and the proof. *Salazar v. Taylor*, 18 Colo. 538; *Rio Grande Western Ry. Co. v. Rubenstein*, 5 Colo. App. 121.

The position assumed that the plaintiff could not maintain the lien because he was a lessee may be accurate, but, like the other proposition, it is entirely dependent on the evidence. The court found there was no lease, but a contract of hiring. Having so found, it is needless for us to inquire whether, under any circumstances, either of contract or lease, a lessee has a right to this peculiar remedy. The record is presented to us in such shape that we should in no event feel at liberty to disagree with the trial court concerning the evidence, its force and effect. There is a bill of exceptions exhibited and substantially presented by the abstract. This bill of exceptions, however, does not contain the testimony as it was given by the witnesses; in fact, it is but a running statement of the substance of what the witnesses testified to, prepared by counsel, and evidently does not exhibit the evidence in its form and effect. Under these circumstances, we should hardly regard ourselves at liberty to assert a judgment con-

cerning it. Wherever parties insist that the judgment is not supported by the evidence, it must be presented in its entirety, that we may see it in all of its aspects, be able to appreciate its force and significance, with all the limitations which surround the statements which are actually made by the witnesses. A bill of exceptions is always taken most strongly against the party excepting, and no intendment can be made in his favor. *Webber v. Emmerson*, 3 Colo. 248; *Dawson v. Williams*, 37 Neb. 1; *Gish v. Gish*, 7 Ind. App. 104; *Railway Co. v. Wynant*, 134 Ind. 681.

The evidence which a witness gives is frequently very much illustrated by the questions which are put to him, and to which what he states may be replies. Where we are unable to see either questions or answers, or the testimony in its entirety, we may not, under any rule of practice with which we are familiar, undertake to disturb a judgment because it is unsupported by the testimony. A bill of this description is doubtless all that is sometimes necessary to raise questions of law, and, where it appears the testimony has been given tending to support certain facts, this alone is ample to enable the court to determine whether the case was correctly tried, whether the court observed the rules of evidence, and whether it kept within legal bounds in reaching its determination; but where, as in this case, we are called on to hold that a judgment is unsupported by the testimony, such a bill of exceptions will not subserve the purpose. So far as we are able to discover, there is evidence enough in the record to support the court's conclusions. The parties were entirely at variance in their statements. The judge who heard them, saw their manner, and had full knowledge of the entire case, is by far the most competent person to determine the controversy.

There are no errors urged which, in our judgment, are sufficient to call on us to reverse the case, and it will accordingly be affirmed.

*Affirmed.*