Wilson, J.
Action of unlawful detainer. In June, 1890, Arthur S. Miller, one of the defendants, borrowed from the Hamilton Investment Company, a corporation, the sum of $21,000; executed his notes therefor, and, to secure payment, also executed a deed of trust upon two certain lots owned by him in the city of Denver. Soon after, the investment company sold and assigned the notes to the Massachusetts Mutual Life Insurance Company, a corporation. The notes matured in five years from date, and a few weeks before their maturity, the payer executed to his codefendant and wife, Mrs. Mamie E. Miller, a deed, conveying by quitclaim all of his right and interest in the lots theretofore conveyed to the trustee in the deed.of trust. Something more than a year after the maturity of the notes, the principal and a considerable amount of interest thereon being due and unpaid, the Massachusetts Mutual Life Insurance Company directed a sale of the property embraced in the deed of trust, by the trustee whom it had appointed under the terms of the deed, the trustee and the successor in trust originally named having declined to act. Pending the advertisement of the sale, and about two days before the actual sale, Mrs. Miller commenced suit against the trustee to quiet title, averring ownership of the fee in herself. At the trustee’s sale, John A. Hall, plaintiff in this suit, became the purchaser of the lots, and thereupon, by stipulation of parties, he was made a defendant with Williams in the suit to quiet title. After the completion of the trustee’s sale, and the execution of his deed to the purchaser (Hall), the latter made demand in writing upon the defendants herein for the possession of that portion of the premises, one house, held and occupied by them. Surrender of possession not being made, Hall commenced before a justice of the peace this suit, under the provisions of subdivision 6, section 8, Laws, 1885, page 224. *369 The defendants filing a verified answer, the justice, as required. by law, certified the case to the district court, the same in which the suit to quiet title was pending. The suits coming on for trial, it was stipulated between the parties that both the suit to quiet title, and that for unlawful detainer, should be tried at the same time to the court, without a jury, and that the evidence taken should be treated as evidence in each case to which it was pertinent. Judgment was for plaintiff in the unlawful detainer suit, and for defendants in the other. From the latter, an appeal was had to the supreme court, and the suit for unlawful detainer was brought to this court on error, and is now before us.
The supreme court has very recently, at its present term of court, finally determined the cause which was appealed to it, and affirmed the judgment of the trial court. Miller v. Williams and Hall, 27 Colo. ; 59 Pac. Rep. 740. In its opinion, that court determined the most important questions which are urged in this case, and this will obviate the necessity of our entering into any discussion of them. We shall regard those questions as settled, and shall follow strictly the decision of the supreme court. In this cause, the defendants to defeat the action rely mainly upon the allegations contained in their answer that the deed of trust at the time of its execution was invalid, and that no title could be acquired by or under it, because the Hamilton Investment Company, being a foreign corporation, had not at such time complied with the laws of Colorado so as to entitle it to do business in this state, and that the Life Insurance Company, for the same reason, did not possess corporate power to acquire securities, or to exercise any power over real estate in this state. The decision of the supreme court was adverse to the contention of the defendants upon both of these questions, they being the main grounds upon which plaintiff relied for recovery in the suit to quiet title. No further reference to these questions is therefore" necessary in this opinion.
There arose, however, in the case at bar some questions which were not raised in the other suit, nor passed upon by *370 the supreme court, and to these we will briefly .refer. In their answer in this suit, by way of plea in abatement, the defendants pleaded the pendency of the action to quiet title, between Mrs. Miller, as plaintiff, against Williams, trustee, and Hall, purchaser under the deed of trust. This plea was not sustained, and the defendants urge that this is reversible error. We feel quite clear that it is not. In the first place, the two actions were not between the same parties, nor for the same cause. In the action to quiet title, Arthur S. Miller was not a party, but was a defendant in the other, and Frederick A. Williams was not a party to the unlawful detainer suit. It would not seem, either, that there was the same cause of action in the two suits; the one affected only the right of possession, and was brought under a special statute; the other sought to adjudicate the title. Defendants argue that this position is not tenable, because possession is a mere incident to the ownership of the property, and therefore, in effect, the causes of action were the same. However this may be, we do not propose to enter into a discussion of it, because the question can be determined on another ground, about which we do not think there can be any doubt. Arthur S. Miller was the undisputed owner of the property at the time when he conveyed the legal title to the trustee in the deed of trust, and it is unquestioned that he, after having conveyed the legal title, could not have maintained a suit to quiet title. In order to have maintained the action, he must have been in possession of the property, and the possession must have been based upon some title, and asserted upon some legal right thereto. He could not, therefore, have urged such possession after he had conveyed the fee of the property. Walker v. Pogue, 2 Colo. App. 151.
Whatever rights Mrs. Miller acquired were as grantee of her husband. If he had no right or power to institute and maintain a suit to quiet title, she could acquire none by virtue of a grant from him. This, we think, is conclusively settled by the decision of the supreme court in her suit to quiet title, to which we have referred. The court say:
*371 “ By her deed, plaintiff took merely the equity of redemption which her grantor had. Stephens v. Clay, 17 Colo. 489. As was said by Mr. Justice Harlan in Fritts v. Palmer, supra, at page 289, upon a somewhat similar point, ‘ a plaintiff, who is grantee of an equity of redemption, cannot in law occupy any better position than the original grantor would have done if he had himself brought the action.’ ”
Defendants also set up in their answer, as a defense, that the deed of trust was invalid, and insufficient to convey title, because there has been a material alteration- in it. This question also arose in the suit to quiet title, and was decided adversely to the contention of defendants, and we therefore make no further allusion to it, but adopt such determination of the supreme court.
Defendants also urge that there was a failure to state the cause of action in the complaint, because there was no allegation that at the commencement of the action plaintiff was the owner, or was entitled to the possession, or that possession was being wrongfully withheld from him. The complaint contained a statement in chronological order of all the legal steps necessary to the acquisition of title under a foreclosure sale, and we think was sufficient under the statute, which requires the complaint to set forth the substantial facts upon which the plaintiff relies to recover possession of the premises described. These allegations were sufficient to show a right in the plaintiff to maintain the action, and to recover. They were all that were required under the statute, and, having been set forth, the statute declared that the plaintiff was entitled to, and had a right, to recover possession. The facts being stated, it was not necessary to allege a legal conclusion.
Defendants -urge that there was no sufficient demand for possession, because in the written demand, the deed of trust was referred to as being of date “ January 11,1890,” whereas it was in truth, “ June 11.” We do not see how it was possible for the rights of defendants to have been prejudiced by this error, and a judgment will not be reversed upon this *372 ground alone, where it is evident that the defendants were neither harmed nor surprised. R. R. Co. v. Rubenstein, 5 Colo. App. 121; Rice v. Ross, 9 Colo. App. 552.
They admitted the execution of the deed of trust by Arthur S. Miller, which was the deed upon which this suit was based, and never suggested to the court in any manner, upon trial, that they were surprised by the introduction in evidence of a deed of trust bearing a date different from that referred to in the demand for possession. On the contrary, they proceeded with the trial, and availed themselves of every possible defense which they could urge. Under these circumstances, we think the objection is of too little weight to merit consideration.
We have referred to all of the alleged errors discussed by defendants as material, and being unable to discover in any of them sufficient to justify a reversal, the judgment will be affirmed.

Affirmed.