[No. 4444.]

THE GUTHEIL PARK INVESTMENT COMPANY v. THE TOWN OF MONTCLAIR.

1.  **Water Rights—Easements—Real Property.**

A water right is an easement and comes within the meaning of the term "real estate," as used in our statute.

2.   **Quieting Title—Possession—Equity Jurisdiction.**

In an action to quiet title to real property, where plaintiff is out of possession and there is some other distinct head of equity jurisdiction sufficient to support the action, equity will retain the cause and grant relief by quieting title or removing a cloud.

3.   **Same—Water Rights.**

Where a court of equity acquires jurisdiction of a cause to restrain interference with a water right, it may properly retain jurisdiction and determine all the rights of the parties; and may, independent of the statute, enter a decree quieting plaintiff's title to such water right although plaintiff is not in actual possession thereof.

4.   **Same—Demurrer—Waiver.**

In an action to quiet title to a water right, where defendant demurred to the complaint on the ground that the water right, being a mere easement, the action would not lie because plaintiff could not be in actual possession thereof, which demurrer was overruled, and defendant, instead of standing by the demurrer, answered setting up title in itself and asked to have its title quieted, its objection to the form of action was waived, even if the point was originally good.

5.   **Water Rights—Quieting Title—Parties.**

In an action to quiet title to a water right and to restrain interference with the use thereof, where both parties claimed title from a common source, an irrigation company, and plaintiff proved a grant from said company to its remote grantor and by divers mesne conveyances that said grant had vested in plaintiff, and defendant proved no grant from said company, defendant could not object to plaintiff's title on the ground that the grant from the company restricted the use of the water to certain specified land which plaintiff had never owned, nor that the continued right of its enjoyment was conditioned upon the payment of an annual rental which plaintiff had not paid, neither could defendant establish title in itself by showing that it had used the water and paid the rental for a number of years.

6.   **Water Rights—Legal Title—Possession.**

In an action to quiet title to, and restrain interference with, a water right, where plaintiff proves legal title thereto, from that title flows the right to whatever possession the nature of the water right is susceptible of, and to its free use and enjoyment; and, where the complaint and evidence is otherwise sufficient, plaintiff is entitled to a decree establishing its title to the water right and restraining interference with its use.

**7. Water Rights—Conveyances—Conditions—Parties.**

Conditions in a grant of a water right by a ditch company, that the water shall be used only on certain specified land, and requiring the grantee to pay a specified annual rental, may be waived by the grantor; and whatever may be the effect of such restriction as between the ditch company and the water consumer, a stranger to the contract, who is in no way connected with the title of the ditch company, cannot interpose such condition as a defense to an action by the water consumer to quiet its title to, and restrain interference with, such water right.

**8. Pleading—Practice—Misjoinder—Demurrer—Waiver.**

Where a demurrer to a complaint on the ground of misjoinder is overruled, by answering over defendant waives the objection unless the party is necessary and without whose presence no valid judgment can be rendered.

**9. Water Rights—Parties.**

A ditch company is not a necessary party to an action between consumers of water over the right to the use of a certain water right from the ditch of said company.

*Appeal from the District Court of Arapahoe County.*

Mr. ROBERT E. FOOTE, for appellant.

Mr. T. E. WATTERS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The subject-matter of the controversy is a water right for irrigation purposes. The action is equitable in its nature. The complaint has some of the characteristics of a bill to quiet title, and some of the features of a suit to prevent a disturbance or obstruction of a right to use the water for irrigation and to require a transfer of its place of use. The complaint when filed, named as defendants the Town of Montclair and The Northern Colorado Irrigation Company. It contained two causes of action, the allegations of the first of which were directed particularly against the town, those of the second against the irrigation company. In the first are averments that

plaintiff is the owner and in possession of a certain
water right that is carried in the canal of the irriga-
tion company, as the agency in the appropriation
thereof, in which the town asserts an interest adverse
to plaintiff, though it is without any right thereto,
and has wrongfully, and against plaintiff's protest,
for a number of years utilized, the same to plaintiff's
injury. The prayer is that the town be required to
set forth the estate which it claims, that plaintiff have
damages for the wrongful use, and a decree adjudg-
ing title to be in plaintiff, and that defendant town
be enjoined from using the water right. In the sec-
ond cause there are the same allegations of plaintiff's
ownership and possession, and a charge that the irri-
gation company has refused to transfer this water
right to lands of plaintiff other than those for which
the appropriation was originally made. The prayer
is that the company set forth the interests it has in
the property, that title be adjudged to be in plain-
tiff, and the defendant company be ordered to make
the transfer desired.

A motion by the defendants for a more specific
statement was denied, and they then filed a joint
demurrer to each cause of action containing a number
of grounds, among which are an improper joinder of
parties defendant. The demurrer was overruled as
to the first cause of action, and sustained as to the
second, whereupon the plaintiff voluntarily dismissed
the action as to the irrigation company. The town
then filed an answer to the first cause of action, which
was the only part of the complaint left for considera-
tion, and this answer contained a number of defenses,
the first of which is a general denial. The other
defenses, so far as material to state here, consist of
allegations of fact which, in the judgment of defend-
ant, vested in it an interest and estate in the prop-
erty superior and paramount to the title of the plain-

tiff. The replication denied the new matters set up in the answer.

The trial was to the court without a jury upon the issues thus joined, and at the close of plaintiff's case defendant, declining to introduce any evidence, made a motion for a nonsuit, which was granted by the court, upon the grounds, as stated in its opinion, that the proof did not show that plaintiff was in possession of the water right at the time of the beginning of the action, and that plaintiff took nothing by its deed purporting to convey the same. From the judgment the plaintiff prosecutes this appeal.

It seems that the district judge who heard the demurrer believed that plaintiff was entitled to equitable relief upon the facts set up, though the subject-matter of the action was an incorporeal water right. A different judge presided at the trial, and he was inclined to the opinion that the action was brought under section 255 of the code, which empowers one in possession of real property to bring in a party who asserts a hostile title, and require him to set it up, so that the title may be determined. It was his opinion, therefore, because one cannot be in actual physical possession of a mere easement, which a water right is, an action to quiet title thereto does not lie. But under the practice that prevails in the second judicial district, which is composed of more than one judge, he felt bound by the decision of his predecessor to the contrary. That question is not much mooted in argument here, but it seems that in *Grand Valley Irr. Co. v. Lesher,* 28 Colo. 273, the title to a water right was quieted. In *Wyatt v. Irrigation Co.,* 18 Colo. 298, a water right, such as we are considering, was held to be an easement, and an incorporeal hereditament descendible by inheritance, and a freehold estate. It therefore comes within the meaning of the term real property, as used in our

statutes.  At the common law the general rule was that ejectment did not lie in favor of a party to try his right to enjoy an easement.  The remedy was in case for damages, or by a suit in equity to prevent interference with its enjoyment.  Where a plaintiff is out of possession of real property and there is some other distinct head of equity jurisdiction sufficient to support the action, equity will retain the cause and grant relief by quieting title or removing a cloud.  The authorities are collected in 17 Enc. Pl. & Pr. 309.  Applying that principle here, we say that, though the ordinary allegations found in a bill to quiet title are in this complaint, there are also allegations that the defendant has interfered with, and obstructed, the plaintiff in its enjoyment of the right to the use of water for purposes of irrigation. That a court of equity, independent of the statute, has jurisdiction to restrain interference with a water right, seems well settled.  Hence, under this doctrine, the court, having acquired jurisdiction to restrain interference with plaintiff's use of water, might properly retain jurisdiction and determine all the rights of the parties, even though plaintiff is not in actual possession; because, as we have already indicated, the controversy between the parties is one of which equity has jurisdiction independent of statute.

But if this is an action merely to quiet title to an easement, the objection to its maintenance can be waived by a defendant, or he might elect to stand. by a demurrer based upon that ground.  Here the defendant did not choose to stand by its demurrer, but in its answer set up an estate and title to this water right in itself, and asked to have the same quieted in its favor in this very action.  Its objection to the form of the action, therefore, was waived, even if the point was originally good.

The important question in the case is whether the evidence of the plaintiff entitled it to the relief demanded. The parties claim title from the same source, viz., The Northern Colorado Irrigation Company. The plaintiff showed a grant in writing from that company to its remote grantor, which, by divers mesne conveyances, is now in plaintiff. Its evidence also disclosed the fact that in the grant from the irrigation company was a provision that the water was to be used only upon a certain described tract of land, which plaintiff never owned, and upon no other, and the continued right to its enjoyment was conditioned upon the payment of a designated annual rental, which plaintiff has not made. The town of Montclair for a number of years, under some arrangement with the irrigation company, paid the prescribed rental and actually used the water, or some of it, in irrigating trees in its streets and parks and other public property. All this was against the protest of the plaintiff, who had unsuccessfully tried to have the irrigation company transfer the water to lands owned by it, but which do not constitute any part of the lands for which the original appropriation was made. We do not say that the affirmative defenses of the answer would, if established, show paramount title in defendant, but we may, for our present purpose, so assume. Yet there was no evidence of any grant of this water right to the defendant, the town of Montclair, or of any right or estate of the town thereto, and since there was no evidence upon its part to sustain the defenses set up in the answer, the question, as we have said, is to be determined from the evidence of the plaintiff alone.

The written instruments evidencing the plaintiff's title which were introduced in evidence, show that the legal title of the water right was vested in the plaintiff at the time of the beginning of the action?

It is, of course, impossible for the owner of an incorporeal right, like an easement, to have and maintain physical possession of it. The only possession of which it is susceptible is that constructive possession which necessarily follows ownership of the easement itself or of the principal thing to which it may pertain.

But whether plaintiff has shown the kind of possession necessary under section 255 of the code, in an action merely to quiet title, we do not consider important for reasons above given in discussing the form and real character of the action. If plaintiff was out of possession, ejectment did not lie to recover it, certainly if the easement is considered by itself wholly apart from land upon which the water was used. But whether in or out, plaintiff certainly can obtain appropriate relief in a court of equity against any unlawful obstruction of his rights to the enjoyment of the easement. The evidence shows legal title in plaintiff. From that flows the right to whatever possession the nature of the right is susceptible of, and to its free use and enjoyment. The allegations of the complaint are broad enough to admit the evidence offered, and that evidence, not overcome by any contradictory proof, entitles plaintiff to a decree establishing its title to the water right and restraining interference with its use.

The trial court was of opinion that the clause in the written contract between the irrigation company and its grantee restricting the use of this water to a certain tract of land, and providing that it could not be used to irrigate any other land, of itself operated as a limitation upon the power of the grantee or his assigns to transfer the water right separate and distinct from the land itself; and apparently held that the owner of the land, upon which the water was thus to be used, owned the water right as an inseparable

easement appurtenant thereto. The court in this action, to which the grantor of the right, viz., the owner of the ditch, the carrier of the water, was not a party, applied the principle laid down, and held that the plaintiff in this case took nothing by its deed, although it traced title directly, through intermediate conveyances, from the irrigation company, the common source.

It is not necessary in this case to determine whether, as between the water consumer and the carrier of water, such a restriction is binding, for it is clear that the defendant, who is a stranger to the title and to the contract, and, so far as appears from the testimony, in no wise connected with, or having obtained rights from, the irrigation company, is not in a position to interpose such objection. The restriction relates to the place and manner of use, and is one which might be waived by the grantor. That the evidence shows that plaintiff has not paid the rental, and that the irrigation company has declined at plaintiff's request to transfer the place of use, is not material here, for defendant cannot interpose a defense which is available only to the irrigation company or its grantee. It is sufficient for our present purpose to say that the plaintiff, by showing in itself the legal title to the water right, was entitled to its use, and was in as complete possession thereof as the nature and character of the property admits, and that, as between the parties to this action, its rights, as disclosed by the evidence, are superior to defendant's. What the proof may be when defendant's evidence is heard, we do not know. The trial court was wrong, however, in granting the motion for nonsuit, as at least a *prima facie* case was made by plaintiff.

The point is made by the town that the irrigation company is a necessary party to the suit. One

of defendant's grounds of demurrer to the first cause of action was that the defendant irrigation company was improperly joined with the town. By answering over after the demurrer was overruled, the objection is waived, unless the company is a necessary party without whose presence in court no valid judgment could be rendered. Certainly the attitude of the appellee in complaining that the irrigation company is a necessary party does not specially commend itself to judicial consideration, since appellee secured the elimination of the company from the action. Appellee did not complain of the ruling by which the company was dismissed, nor has it assigned cross-errors, even if it could do so to a wrong ruling made at its own request. But the company is, to say the least, not an indispensably necessary party. The right to the use of this water as between the plaintiff and the town may be adjudicated without the presence of the company, even though it might be proper —as to which we express no opinion—to order the company brought into court in order to a complete determination of the controversy. The rights of a consumer, under a ditch which is operated as a carrier, are distinct from the rights of the carrier as to such easement. With the relative rights of those parties, the town, so far as appears from the pleadings, has no concern. If either party here were proceeding against the company, the latter might insist upon the presence of the other party making the same claim, but such is not this case.

Our conclusion that the defendant cannot raise questions that might be open to the irrigation company in a controversy between it and the plaintiff, relieves us of the necessity of considering certain legal questions argued by counsel touching the nature of a water right and appurtenant easements, and

easements in gross, and the more or less technical rules of law applicable thereto.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.     *Reversed.*