Maxwell, J.
Action by defendant in error to qniet title to real estate.
*424 The complaint averred plaintiff’s ownership and possession of the property, and that defendant claimed and asserted an interest therein adverse to plaintiff.
The answer denied plaintiff’s ownership and possession of a portion of the property, and disclaimed as to the residue. It also averred that defendant was the owner and in possession of two lots, a portion of the property in controversy, which lots were awarded defendant by the decree rendered by the court.
A cross-complaint averred that plaintiff, with others, incorporated The Riggs Townsite, Mining and Improvement Company, in which plaintiff was a large stockholder; that the company acquired by purchase the lands in controversy; that the company became indebted to defendant and his assignors in the sum of $800.05; that April 19, 1897, judgment was rendered by the county court of El Paso county in favor of the defendant and against the company on such demand; that the execution issued on said judgment was levied upon the lands described in the answer, and the same were sold at sheriff’s sale, purchased by defendant and a certificate of purchase issued to defendant July 19, 1897, by the sheriff of El Paso county; that no redemption from said sheriff ’s sale was made; that defendant became and was entitled to a sheriff’s deed for said lands April 19, 1898; that November 4, 1896, the plaintiff then being-one of the directors of the company, for the purpose of defrauding the creditors of the company, conspired with the vice-president and secretary of the company and in pursuance of said conspiracy, such vice-president and secretary executed and delivered to plaintiff a demand note of the company for the sum of $10,000.00; that the execution of said note was not authorized by the directors or stockholders of ■ the *425 company, bnt was executed and delivered by the vice-president and secretary without right or authority, and was and is null and void as an obligation of said company; that plaintiff instituted a suit on said note in the district court of Arapahoe county, November 16, 1896; that the secretary of the company acknowledged, service of summons November 13, 1896; that November 20, 1896, judgment was rendered in said cause in favor of plaintiff and against the company for the sum of $10,000.00 and costs; that the execution issued to the sheriff of El Paso county, was levied upon the property described in the complaint, and the same was sold to plaintiff at sheriff’s sale February 2, 1897; that a certificate of purchase was issued thereon to plaintiff, of that date, and November 2, 1897, the sheriff executed and delivered to plaintiff a. sheriff’s deed for the lands described in the complaint; that April 25, 1898, defendant requested the sheriff to execute and deliver to him a sheriff’s deed for the land purchased by defendant July 19, 1897, which the sheriff refused and still refuses to do; that the sheriff is a necessary party to a complete determination of the controversy.
The reply denied the material averments of the cross-complaint and averred that no redemption from the sheriff’s sale on plaintiff’s judgment was made.
Upon the trial, which was to the court without a jury, plaintiff introduced the sheriff’s deed conveying to her the property described in her complaint, and rested.
Defendant introduced the sheriff’s certificate of purchase and sale, issued to him, conveying the property described in his answer; a bond for a deed from the Riggs company to himself for the two lots which were awarded him by the decree, and the secretary of the company as a witness, who produced.the..recr ords of the company, which showed that an attempt *426 to hold a meeting of the directors of the company was made November 3, 1896, at which meeting but two of the five directors of the company were- present, one of whom was the vice-president, who held the proxy of an absent director and attempted to act in virtue thereof at such meeting; that at this meeting an election to fill a vacancy in the boárd of directors was held, and the secretary of the company elected director; that it was voted by the directors present at that meeting that the note of the company for $10,000.00 be tendered Mrs. Riggs in payment of the amount promised her for her property, the said note to be executed by the company by its vice-president and secretary.
The president of the company, who was not present at this meeting, was introduced as a witness on behalf of defendant, and testified upon cross-examination that, at the time the company was organized, Mrs. Riggs conveyed to the company the property described in her complaint, in consideration of the issuance to her by the company of its entire capital stock, and that, upon her surrendering to the company four-fifths of this capital stock, she was to receive the sum of $10,000.00, and that she had so surrendered four-fifths of the capital stock.
It is apparent, from the evidence in the record, that at the time the note was given the company was indebted to Mrs. Riggs in the sum of $10,000.00.
It is contended by plaintiff in error:
1. That the averments of the cross-complaint constituted a direct and not a collateral attack upon the judgment, which is the basis of the defendant in error’s title, and
2. That under our practice the right to attack a judgment for fraud may be made by answer and cross-complaint.
The latter proposition is undoubtedly the law of *427 tliis jurisdiction. — Hallack v. Loft, 19 Colo. 74-82, and cases cited.
We may concede, for the purposes of this opinion, the first proposition above stated.
The replication put in issue the material averments of the cross-complaint.
The court found the issue thus joined in favor of defendant in error, and under the well established rule of this and the supreme court, we cannot disturb this finding if there is sufficient evidence in the record to sustain it; or, stated conversely, if plaintiff in error failed to maintain his attack upon the judgment, by competent evidence of fraud, we cannot disturb the finding.
The testimony of plaintiff in error’s witness proved that at the time the $10,000.00 note was given to defendant in error, the company was indebted to her in that amount of money, so that the contention of plaintiff in error, that the note was without consideration, is eliminated.
There is no direct evidence whatever in the record to sustain the averment of the cross-complaint us to a conspiracy between the plaintiff in error and the vice-president and secretary of* the company in the execution and delivery of the $10,000.00 note. The evidence shows that Mrs. Riggs, defendant in error, was not present at the meeting of November 3, 1896, when the note was voted, and was not at that time a director of the company, nor does it appear from anything in the evidence that she had any knowledge previous to that meeting of the proposed action of the board of directors with reference to the $10,000.00 note.
Proof of irregularity in the action of the officers of a corporation, or the absence of authority upon their part to act in the premises, under the circumstances of this case, is not proof of such fraud as *428 would warrant the court in cancelling the sheriff’s deed issued to the plaintiff in error.
We therefore conclude that plaintiff in error failed to maintain the issue presented by his cross-complaint and the reply thereto, and the finding of the trial court upon this issue was right.
It is said that the judgment should be reversed for the reason that there was no proof that plaintiff was in possession of the premises.
The complaint alleged that plaintiff was in possession. The answer denied that plaintiff was in possession of a portion of the premises, and disclaimed as to the residue.
The cross-complaint set forth the title of defendant to a portion of the premises, what was supposed to be plaintiff’s title, and defendant’s objections thereto, praying: that defendant be adjudged to be the owner of the land described in his answer; that the sheriff be ordered to execute a deed to him therefor, and that the sheriff’s deed to plaintiff be can-celled. In other words, the defendant sought, by his cross-complaint, to have his title perfected and quieted.
Under Code section 255, allegation and proof of possession are necessary.
Any objection to the form of action adopted by plaintiff or failure of proof, is for the defendant to make in apt time, and he may waivé it.
No motion for nonsuit was interposed at the close of plaintiff’s case, and so far as the record shows, the objection under consideration is raised for the first time in this court.
In Mitchell v. McFarland, 47 Minn. 535-537, the court said:
"It must be assumed that where defendant denies plaintiff’s title, sets forth his own title and what he supposes to be plaintiff’s claim of title, and *429 his objection thereto, he does it for the purpose of an adjudication upon the matter set forth. That is a waiver of objection to the form of action in which the plaintiff brings the controversy before the court. ’ ’
In Goodrun v. Ayres, 56 Ark. 93-95, an action to quiet title, the evidence as to who- was in possession of the land, at the time suit was brought, was conflicting. The court said:
“Conceding that the plaintiff was not in.possession of the land and for that reason could not maintain a suit to quiet title, it cannot avail the appellant; for he filed a cross bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy. ’ ’
See, also, Radcliffe v. Scruggs, 46 Ark. 96-102; Hooper v. Henry, 31 Minn. 264; Monson v. Kill, 144 Ill. 248-253; Snowden v. Tyler, 21 Neb. 199-215.
Complaint is made that the court assessed all costs against, plaintiff in error.
Mills’ Ann. Code, section 256, provides that: If defendant disclaim any interest in the property, that plaintiff shall not recover costs.
Plaintiff in error cannot avail himself of this provision of the code, for the reason that he did not disclaim any interest in the property, but, on the contrary, claimed to be the owner and entitled to the possession of a large portion of the premises, and by the court was decreed to be the owner of two lots, a portion of the premises involved.
There being no error in the record, the judgment will be affirmed. Affirmed.