[No. 8437.]

SERVICE V. WEST ET AL.

1. ESTOPPEL—*By Deed.* One claiming lands by grant from a particular person is not permitted to deny the title of such person, when asserted by his adversary. (368.)

2. QUIETING TITLE—*Plaintiff's Title.* Plaintiff deraigning title from the same grantor under whom defendant claims is not required to show title in the common grantor. (368.)

Any acknowledgment of defendant amounting to an admission of plaintiff's title, makes a *prima facie* case and casts upon defendant the burden of overthrowing it. (369.)

3. VOID DEED—*Cancellation.* A deed shown to be a forgery may be cancelled where this appears necessary for plaintiff's full relief. (370.)

*Error to Larimer District Court.* Hon. ROBERT G. STRONG, Judge.

Mr. CLARENCE A. BRANDENBURG, for plaintiff in error.

Mr. E. L. CLOVER, for defendants in error.

Opinion by TELLER, J.

The defendants in error brought suit against plaintiff in error to quiet title to a tract of forty acres in Estes Park. The parties will be mentioned herein as they were related in the trial court.

The defendant by answer claimed title in fee, through a conveyance from one Stiers, who was alleged in the answer to have had, at the time of the conveyance, a title in fee.

The plaintiffs by replication denied that Stiers ever had any right in or title to the land; denied that they, or either of them, had ever executed any deed of the premises to Stiers, and alleged that if any names were signed to a deed purporting to have been signed by them, such signatures were forged and made without their knowledge or consent.

On trial of the cause plaintiffs introduced in evidence the deed purporting to have been made by them to Stiers, defendant's grantor, and both testified that they had no knowledge of Stiers, and never made any conveyance to him or authorized such conveyance; that on December 27, 1910, the date on which the deed on its face purported to have been executed and acknowledged in this city, Mrs. West was in Iowa, where she had gone some weeks before, and whence she returned about January 16, 1911. They further testified that in July, 1908, they exchanged property in Iowa for the premises in question, and moved into the six room house thereon with their household goods, and that it was still their home. It appears that a homestead exemption had

been created by proper entry on the records in the County Recorder's office.

The defendant testified that after he had received a conveyance of the premises from Stiers, he went upon the premises in question, and entered the house through the kitchen door, which was open; that he put a padlock on said door and locked it, and placed a notice on the place to the effect that he owned it. Also that he pastured some stock on the land.

The decree ordered the deed to Stiers cancelled as a cloud on the title, and titled quieted in Mrs. West. Plaintiff in error contends that plaintiffs failed to prove title or possession, and that the court erred in overruling his motion for a non-suit.

It is not necessary to determine whether or not the motion ought, at that stage of the proceeding to have been granted, because it appeared later in the trial that the defendant claimed title solely from plaintiffs, through the Stiers deed. It is elementary that a party cannot dispute the title of the one through whom he claims to derive title. —*Bay State M. & T. Co. v. Jackson*, 27 Colo. 139, 60 Pac. 573; *Carson v. Dundas*, 39 Neb. 503, 58 N. W. 141; 15 Cyc. 47.

A grantee cannot assert that the title obtained from his grantor, or through him, is sufficient for his protection, and not available to his contestant, who claims through the same grantor.—*Robertson v. Pickerell*, 109 U. S. 608, 27 L. Ed. 1049, 3 Sup. Ct. 407.

The defendant in this case could not, for the reason above stated, contest the title of plaintiffs.

It further appears, both in plaintiffs' evidence and defendant's, that the defendant had several times treated with plaintiffs, as owners, for the purchase of the land in question, thus conceding that title was in plaintiffs. In such a case as this, "it seems that any act of acknowledgment, amounting to an admission of title in the plaintiff concedes

to him a *prima facie* case, and devolves upon the opposite party the burden of overcoming it by means proper to that end."—*Brown v. Brown,* 45 Mo. 412.

Plaintiff in error was, therefore, not prejudiced by the overruling of his motion for a non-suit.

The court found that the plaintiffs were in possession when the suit was begun; that the defendant claimed title through a purported deed from plaintiffs to Stiers purporting to have been executed and acknowledged in the city of Denver on December 27, 1910, and a deed from Stiers to defendant; that the plaintiff Mamie J. West was absent from the state of Colorado from about October 30, 1910, to about January 16, 1911; and that the deed was void and of no effect. The court further found that the certificate of acknowledgment did not purport to show that Mrs. West's acknowledgment had been taken as required by statute in the conveyance of land subject to a statutory homestead.

Counsel contends that since the fee was in Mrs. West, the requirement as to acknowledgment does not apply in this case.

It is not necessary to determine that question, since the court found that Mrs. West was not in the state at the date of the pretended acknowledgment, and that the deed was void. The invalidity of the deed sufficiently appears from the finding that Mrs. West was not in the state at the date of the acknowledgment.

There is enough evidence to support the court's findings, and we are not called upon to consider the evidence farther than is necessary to reach that conclusion.

It is true, as plaintiff in error asserts, that a deed void on its face is not a cloud on title; but that fact does not prevent the cancellation of such a deed when, in a proceeding of which equity has jurisdiction, it appears necessary to cancel it, in order to give full relief to the complainant.

The court, by the filing of a complaint alleging grounds

for equitable relief, and due service upon the defendant, acquired jurisdiction of a controversy which grew directly out of the deed found to be void. The cancelling of the deed was necessary to the full settlement of the controversy, and the decree gave to plaintiffs no more than the relief to which they were entitled.

This was clearly within the jurisdiction of the court under these circumstances.—*Coal Co. v. Coal Co.*, 24 Colo. 116, 48 Pac. 1045; *Schilling v. Rominger*, 4 Colo. 100.

In view of the foregoing conclusions, it is not necessary to consider the other errors assigned. The judgment is affirmed.

GABBERT, C. J., and HILL, J., concur.