[No. 8532.]

### SQUARE DEAL GOLD MINING COMPANY v. COLOMO MINING COMPANY.

1. QUIETING TITLE—*Pleading—Equity Jurisdiction Admitted.* Plaintiff and defendant were the owners of separate lode claims, the veins of which united upon the dip. Plaintiff suing to quiet title as to that portion below the intersection, alleged possession, ''except for the trespasses hereinafter mentioned.'' Verdict for plaintiff. On motion for a new trial, defendant assigned as one ground that it appeared by the pleadings, that at the in-

stitution of the action plaintiff was not in possession of the premises in controversy. But defendant, by cross complaint, had prayed that the title might be quieted in it. *Held* a waiver of all objection to the jurisdiction of equity. (96.)

2. NEW TRIAL—*Newly Discovered Evidence*, cumulative, or which might have been discovered, before the trial, by diligence, is not sufficient. (97.)

3. —— *Surprise.* Bill to quiet title to a vein, in that part of it below its intersection with the vein of another location. A jury was called, and sent to view the premises. Verdict for plaintiff. Defendant applied for a new trial upon the ground that, the cause being one in equity, it had not anticipated that a jury would be called, and had not therefore prepared the mine for such view. It appearing by an uncontradicted affidavit that months before the trial plaintiff's attorney had notified the attorney of defendant that he should ask for a jury, the motion was, as to this ground, held properly denied. (97.)

*Error to Gilpin District Court.* Hon. H. S. CLASS, Judge.

*Department.*

Messrs. MACBETH & MAY, Mr. F. L. COLLOM and Mr. CHARLES H. HAINES, for plaintiff in error.

Mr. CHASE WITHROW, for defendant in error.

Opinion by Mr. Justice TELLER.

The defendant in error brought suit, as the owner of the Sub Treasury Lode Mining Claim, and the Cecil Lode Mining Claim, to quiet title to such claims, including certain portions of the veins, which, having their apices within said claims, had, on their dip, passed outside of the south side-line thereof.

The parties will be here designated as they were in the trial court.

The complaint alleged title in plaintiff, and possession, "except for trespasses hereinafter mentioned;" and that the defendant, owning a claim to the south of plaintiff's ground, had been working, and claimed to own, a portion of plaintiff's vein which had dipped beyond its side line.

The defendant answered denying that plaintiff owned

or was in possession of either of said lode claims, or that the said veins had their apices in the ground claimed by plaintiff.

For further answer and cross complaint the defendant alleged that it owned and was in possession of the veins the title to which plaintiff sought to have quieted, and prayed that the title thereto be quieted and confirmed in the defendant.

The matter in dispute was that part of a vein which is below the junction or intersection of two veins, one of which has its apex in the plaintiff's ground, and the other in the defendant's ground. This junction is at the 250 foot level of defendant's workings, in ground lying between the claims of these litigants.

Each party alleged that the vein below the intersection was a continuation of its vein, title being claimed under the law giving extra lateral rights to the owner of a claim containing the apex of a vein, which on its dip passes beyond a side line.

The court called in a jury, which, after viewing the premises, and hearing the evidence, answered several interrogations submitted to it to the effect that the vein in question had its apex in plaintiff's ground.

The defendant moved for a new trial, the principal grounds for which were, 1st, that it appeared from the pleadings that plaintiff was not in possession of the property in controversy when suit was begun, but that the same was held adversely by the defendant; 2nd, that there was newly discovered evidence, which consisted in changed conditions of the premises, due to a freshening of the walls of the vein, and removing rubbish, so as to make it clear to the jury that the defendant's vein was continuous, which fact was not clear at the time of the trial because of stains and rubbish; 3rd, that the defendant was surprised because, the action being in equity, defendant had no reason to anticipate a jury trial, or an examination of the premises by a jury.

These are the main grounds which are urged as reasons for reversing the judgment, which followed the finding of the jury in favor of plaintiff's contention.

It is strongly contended that the plaintiff was not in possession of the property in dispute, and that the court was, therefore, without jurisdiction of the cause.

We need not determine whether or not the possession of a claim in which the vein is alleged to have its apex gives constructive possession of it outside the claim lines under the circumstances here presented, because we are of the opinion that such question is not necessary to be determined in this case. The cross bill itself presents the same question as the complaint clearly intended to raise, i. e. the ownership of the vein below the 250 foot level. The defendant by its cross-bill sought to have the title to this part of the vein quieted in it. It thereby presented to the court a cause cognizable in equity, and it cannot now be heard to deny the existence of the jurisdiction which it invoked. It has waived all objections which it might have had to the jurisdiction arising from the allegations of the complaint. *Gutheil P. I. Co. v. Montclair*, 32 Colo. 420, 76 Pac. 1050.

In *Relender v. Riggs*, 20 Colo. App. at page 429, 79 Pac. 330, the court quotes with approval from the case of *Goodrun v. Ayres*, 56 Ark. 93-95, 19 S. W. 97, 98, as follows:

"Conceding that the plaintiff was not in possession of the land in suit and for that reason could not maintain a suit to quiet title, it cannot avail the appellant, for he filed a cross-bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy."

In *Mulford v. Rowland*, 45 Colo. 172, 100 Pac. 603, this court approves and applies the rule laid down in *Relender v. Riggs, supra,* and affirms a judgment for the defendant, on the ground that although the plaintiff was not in possession, and could not invoke the court's equitable jurisdiction, yet inasmuch as the cross-bill was in effect a suit to quiet title,

the equitable jurisdiction was properly exercised. The same rule is followed in other jurisdictions. *Mollie v. Peters,* 28 Neb. 670, 44 N. W. 872; *Mitchell v. McFarlane,* 47 Minn 535, 50 N. W. 610; *Village of Riverside v. Sanders,* 118 Fed. 720, 55 C. C. A. 240.

There was, therefore, no error in the denial of the motion to dismiss for want of jurisdiction.

As has been stated, the motion for a new trial is based upon the further ground of newly discovered evidence, and surprise.

The affidavits supporting the motion show that the alleged newly discovered evidence was newly discovered, only to the extent that there was more of the vein open to examination because of the removal of stains on it, and the clearing away of rubbish in the mine which, at the time of the trial, prevented access to a part of the vein. Since this only made possible evidence of the same character as was, or might have been, introduced on the trial, the court may well have regarded it as merely cumulative. Again he may —as well he might from the affidavits—have found that there was a lack of diligence on the part of the defendant in the matter of this evidence. The only showing made is that, this being an equity case, it was not supposed that there would be a jury trial; hence the mine was not prepared for an examination.

But an affidavit by the plaintiff's attorney avers that he advised the defendant's attorney, some three months before the trial, that he intended to ask that a jury be called, and that it be sent to view the premises. This stands uncontradicted, and disposes of the claim of due diligence, as well as that of surprise. The trial court having a large discretion in ruling on motions for new trial, it cannot be said that it erred in ruling against the motion in this case.

No error appearing in the record, the judgment is affirmed.

*Judgment affirmed.*

Chief Justice GABBERT and Mr. Justice HILL concur.

Decided February 7th, A. D. 1916.   Rehearing denied April 3rd, A. D. 1916.