No. 12,021.

DRUMMOND *v.* CHRISTENSEN.

Decided February 25, 1929.   Corrected opinion filed March 4, 1929.

Mr. FRANK L. HAYS, Mr. JOE H. ROSS, for plaintiff in error.

No appearance for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error, plaintiff below, brought this suit against the defendant in error to quiet title to real estate. The complaint is in the usual form, and contains the averments customary in suits to quiet title, including

an allegation that the plaintiff is in possession of the property.

In her answer, the defendant denies plaintiff's ownership; and, by way of counterclaim, she alleges that the plaintiff had conveyed the property to her, and that by virtue of such conveyance, she, the defendant, is the owner of the property. The defendant prays that the title to the property be quieted in her.

In his replication, the plaintiff denies having conveyed the property to the defendant; alleges that the defendant procured the execution of plaintiff's deed by false representations; alleges further that the deed was placed in escrow, to be held pending negotiations between the plaintiff and the defendant for an exchange of property; that without the plaintiff's consent or knowledge, the escrow holder caused the deed to be placed of record; that the negotiations for exchange fell through; and that the contemplated deal between the plaintiff and the defendant was never consummated. The prayer of the complaint was renewed.

The defendant filed a motion for judgment on the pleadings on the ground that "the complaint and replication * * * do not state sufficient facts to constitute a cause of action against this defendant." The trial court took the view that, as the defendant claims title under a conveyance by the plaintiff to her, the plaintiff cannot maintain an action to quiet title; presumably relying upon three decisions to the effect that in such case the defendant's title or claim is not an adverse title or claim within the meaning of section 275 of the Code of Civil Procedure. Those cases are *Walker v. Pogue,* 2 Colo. App. 149, 29 Pac. 1017; *Miller v. Hall,* 14 Colo. App. 367, 60 Pac. 194; *Italian-American Bank v. Lepore,* 79 Colo. 466, 246 Pac. 792. Stating that the proper course for the plaintiff to pursue would be to sue in equity to cancel the deed, the court ordered the entry of a judgment dismissing the action, "without prejudice, however, to either of the parties."

We need not discuss, nor need we at this time either approve or disapprove, the holding in the cases relied upon by the trial court. In the present case, if the defendant had pleaded merely as a defense the conveyance by the plaintiff to her, it would present the question ruled upon by the trial court. But the defendant pleads such conveyance by way of counterclaim. She prays for a judicial decision concerning her title, and that is precisely what the plaintiff seeks. There being presented a case cognizable in equity, the defendant, by filing the counterclaim, waived objection—if, indeed, she had any valid objection—to a decision on the question of title in this suit. The court has jurisdiction to determine the controversy. *Square Deal Gold Mining Co. v. Colomo Mining Co.*, 61 Colo. 93, 156 Pac. 147. Nor does the failure of the defendant to plead possession in herself deprive the court of such jurisdiction. In the case last cited, we upheld a judgment in favor of a plaintiff who had not pleaded that he was in possession, it appearing that his adversary had filed a counterclaim alleging therein possession in himself. And see *Haymaker v. Windsor Reservoir & C. Co.*, 81 Colo. 168, 254 Pac. 768; *Gutheil Park Inv. Co. v. Town of Montclair*, 32 Colo. 420, 76 Pac. 1050; *Relender v. Riggs*, 20 Colo. App. 423, 79 Pac. 328. The same principle is applicable here.

In a suit to quiet title, a deed may be canceled when such course is necessary to give to the plaintiff complete relief. *Service v. West*, 60 Colo. 366, 153 Pac. 446; *Empire Ranch & C. Co. v. Wilson*, 24 Colo. App. 83, 131 Pac. 779. The case should not have been dismissed. The motion for judgment on the pleadings should have been denied.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with these views.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.