## BRANHAM ET AL. v. STALLINGS.

1. LOTTERY.

The scheme described in the answer in this case for disposing of town lots was a lottery.

2. LOTTERIES PROHIBITED.

Lotteries are prohibited by the constitution, and also by statute.

3. RULE OF DECISION—ILLEGAL CONTRACTS.

Where misconduct is equal, the law will not lend its aid to either party. The maxim, "*In pari delicto potior est conditio defendentis*," applied.

*Error to the County Court of Arapahoe County.*

This action was brought by Stephen A. D. Stallings, as plaintiff, suing for himself and as assignee for others, for the purpose of recovering back certain moneys paid for the purchase of lots in the Denver University addition to the city of Denver, plaintiff alleging that he was induced to part with his money by reason of the fraudulent conduct of the defendants. The defendants, answering, denied each and every allegation of the complaint, and for further answer alleged:

"That on or about the first day of June, A. D. 1890, said plaintiff and said other parties mentioned in said complaint, together with other persons, amounting to one hundred members, associated themselves together and organized and formed what was called the 'Denver Lot Club;' that, under the agreement by which said parties associated themselves together, it was agreed that each member was to pay, as dues to said club, the sum of $2.00 per week; that drawings were to be had every Monday evening, commencing with the first week when said club was organized, at which drawing one of the said members was to receive a certain lot in the Denver University addition; that, by the terms of said agreement, one of said members would draw a lot at the first drawing, which would only cost the said member $2.00; that one of said members would draw a lot at the second meeting, which lot would cost the successful party the sum of $4.00; that said drawings were to be continued for a period of sixty weeks; that the members of said club, including the plaintiff and the other parties mentioned in said complaint, adopted certain rules governing said club, among which were the following:

"'Any person may become a member of the club upon the payment of $2.00 to any authorized collector, or at the office of the club, room 20, 910 Sixteenth street, or McGuire & Hyde, room 5, 1790 Curtis street. All dues shall be payable in advance, and become due on the day of each meeting. All dues, if not paid three days before meetings, shall be declared

delinquent and forfeited. Members shall be notified of the time and place of the first meeting, after which the meetings shall be continued regularly on each week for the period of sixty weeks. All lots shall be deeded according to the numbered plat on exhibit in the clubroom beginning at number one to sixty, consecutively. After the sixtieth meeting, the forty remaining choicest lots will be deeded to the remaining forty members. Each member participating in the fifty first meetings shall be entitled to a warranty deed and abstract for one lot, which is guaranteed to be free and clear from all incumbrances of any nature. The members getting the first fifty lots shall be given a warranty deed of one lot each at the time of the meeting, the said lot to be free and clear from all incumbrance, and can obtain a full and complete abstract of the same upon the payment of $1.00. These lots are located in blocks numbered one, two, fifteen and sixteen, Denver University addition.'

" These defendants further allege that the plaintiff, and the other parties mentioned in said complaint, became members of said club and participated in the meetings and drawings had at said meetings ; that the plaintiff herein repeatedly acted as one of the judges, and presided over said drawings ; that the said lots mentioned in said complaint as having been deeded to the said Sam C. Stallings, J. N. Sherrod and O. H. Van Horn, were drawn by said parties, respectively, at a regular meeting of said club.

" The defendants further allege that the plaintiff, and said parties mentioned in said complaint, except the said Sam C. Stallings and said Sherrod and Van Horn, became delinquent and their membership forfeited by reason of their failure to pay their dues in accordance with the agreement made by the members of said club.

" Further answering, these defendants allege that they were only interested in said club as members thereof, and that the said defendant, C. A. Branham, was selected by the members of said club to be manager thereof.

" These defendants further allege that, at the office of said

club, a large map was exhibited and hung upon the wall, showing the location of said property, in lots and blocks, and its relation to the adjoining additions, all of which were correctly shown and located upon said map. That said plaintiff, and the other parties mentioned in said complaint, knew, or had every facility of learning, the exact location, surroundings and value of said property.

"Further answering, these defendants deny each and every allegation in said complaint contained not herein expressly admitted.

"Wherefore, these defendants ask to be hence dismissed with their costs in this behalf incurred."

No replication was filed to this answer. The cause was tried to the court, without the intervention of a jury, upon these pleadings. Two judgments were entered in the cause. The first, a money judgment simply, bears date of the 18th day of January, 1892. Two days thereafter a second judgment was entered, in the absence of defendants' attorneys and without notice to them, as is shown by an affidavit filed in the trial court to set it aside. The second judgment provided that the plaintiff should have execution upon the bodies of said defendants. To reverse these judgments the cause is brought here upon error.

Messrs. NORRIS & HOWARD, for plaintiffs in error.

Messrs. BROWNE, PUTNAM & PRESTON, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

By the answer of the defendants it appears that the parties plaintiff and defendants, with others, associated themselves together, organized and formed a lottery association known as the "Denver Lot Club;" that they entered into an agreement by the terms of which they were each to pay $2.00 per week, and that drawings were to be had every Mon-

day, at which drawings one of the members was to receive a lot. It further appears that the plaintiff and his assignors became members of said club and participated in the meetings and the drawings, and that the plaintiff repeatedly acted as one of the judges and presided over said meetings. It also appears that a number of lots were drawn by the assignors of plaintiff in pursuance of such illegal contract, and that deeds were duly made to said parties for such lots.

These uncontradicted allegations show conclusively the illegality of the contract entered into between the plaintiff and his assignors and the defendants. It was a lottery scheme, pure and simple, and as such prohibited by the constitution of this state and also by statute. It is shown that these parties voluntarily associated themselves together for the purpose of carrying out this illegal scheme. "*In pari delicto portior est conditio defendentis,*"—"In equal guilt, the stronger is the situation of the defendant," is a maxim of the law, or, as it is sometimes expressed, "Where misconduct is mutual the law will not lend its aid to either party." This rule was not adopted for the benefit of defendants, but simply upon the grounds of public policy. Subject to a few well known exceptions, the law is well established that where such a contract is executory the law will not aid either party to enforce its execution, and where it has been executed, or money paid in pursuance thereof, the law will not aid the party to recover back the amounts paid. The exceptions cover cases of usurious contracts, marriage brokerage contracts, and the like, where the transactions are prohibited for the sake of protecting one set of men from another, the one from their condition or situation being liable to be imposed upon by the other, as in such cases the parties are not *in pari delicto*, and it is assumed that public policy will best be advanced by granting relief. 2 Pomeroy's Eq. Jur., sec. 941, and cases cited in note.

In this case, however, plaintiff and his assignors admittedly joined with a lottery association in direct violation of the statutes of this state, and do not come under the princi-

ple governing the excepted . cases.  The statute reads as follows :

" No person or persons, corporation or association, shall, within this state, open, set on foot, carry on, promote, or draw, publicly or privately, any lottery, game or device of chance of any nature or kind whatsoever, or by whatever name it may be called, for the purpose of exposing, setting to sale, or disposing of any houses, lands, tenements, mines, or real estate, or any money, goods, or things in action.  Whatever [whoever] violates this provision, shall, for each offense, upon conviction, upon indictment, be fined not less than one hundred dollars, or imprisoned in the county jail not less than sixty days, or both, in the discretion of the court." Sec. 2928, Mills' An. Stats.

It is alleged in the answer, and not denied, that these parties associated themselves together under circumstances showing that they were *particeps criminis* in an illegal scheme to dispose of lots by chance.  They are *in pari delicto*, and neither courts of equity nor courts of law will aid either; and where money has been paid by either party upon such a contract, it cannot be recovered back, for the reason that courts will not assist such a transaction in any way.  Broom's Legal Maxims, pp. 720–728, *et seq.; Norris v. Norris' Admr.,* 9 Dana's Ky. Reps. 317 ; *Nellis v. Clark,* 20 Wend. 24; *Solinger v. Earle,* 82 N. Y. 393 ; *Setter v. Alvey,* 15 Kan. 157.

In the case of *Norris v. Norris' Admr., supra,* it is said :

" When the parties to an illegal or fraudulent contract are *in pari delicto,* neither a court of equity nor a court of law will aid either of them in enforcing the execution of that which may be executory, or in revoking or rescinding that which may have been executed.  In such a case, the law will not be the instrument of its own subversion, and, to every invocation of its assistance, replies, '*In pari delicto portior est conditio defendentis.*' "

The judgment of the county court must be reversed and the cause remanded.

                                        *Reversed.*