Bissell, J.
Anna Baxter and the appellant disagreed respecting the • terms of her engagement and she brought suit before a justice to recover the sum which she claimed to be due for work and labor and the rent of a machine. She there had judgment, and when the case was taken to the county court by appeal it ivas tried before a jury which rendered a verdict in her favor for 1134.50, and the appellant brings the case here.
A very considerable portion of the argument of counsel is directed to an anatysis of the testimony, and the balance to the maintenance of his contention that the court erred in submitting the case to the jury. We do not regard either of these propositions as maintainable. The suit having been begun before a justice there were no written pleadings and *64 none were filed in the county court, and the issues must be extracted from the testimony of the parties. Practically there were but two witnesses, the plaintiff and the defendant. There are really only two theories exhibited in the evidence, and the controversy between the parties is very sharply defined. According to the stenographer’s claim she was employed by the appellant on a specific contract which made her wages $5.00 a week, and as she claimed she continued in the employment until the 21st of December following. She likewise insisted that during the latter part of her engagement by the direction and at the request of the appellant, she hired a machine from a dealer in typewriting supplies and paid the rent of it, amounting to $21.75, which the appellant agreed to repay. Of the total sum due her, some $167 was paid, and about the amount of this payment the parties do not differ. Clearly the plaintiff could only recover on proof of a specific contract for a definite wage, the rendition of service for a fixed period, and a failure to pay. This is her case. On the other hand, the appellant insists that the engagement was terminated in the early summer following her original employment, and that thereafter the stenographer was not in his employ, but simply used his office for her own convenience and purpose, doing work for outside parties, and was entitled to no compensation from him. This is his contention. The legal result is the assertion on the one side of a specific contract which continued for a definite period, the earning of the agreed compensation, and the failure to pay. On the other, it is the assertion of a termination of the engagement and the consequent release of the appellant. These questions made up the only issues before the jury.' The parties gave their evidence, the jury found for the plaintiff, and judgment was entered.
According to the uniform practice of all appellate courts the verdict of the jury will not be disturbed where questions of fact have been properly submitted, and the jury have found in favor of either the one side or the other, and there is no such decided preponderance of testimony as to convince the *65 court the verdict ought not to stand. No such condition is here presented. The issue between the parties was solely one of fact squarely and definitely established by the testimony of the two parties, and there was very little, if any, corroborative testimony on either side, and in no event is there such a decided preponderance in favor of the appellant as to entitle us to disturb the conclusion.
. The appellant complains of the instructions, and while we do not regard the case of sufficient gravity to compel us to state what the instructions were, and review them in detail for the purpose of supporting the action of the trial court, we may state generally that, taken as a whole, the court fairly and legitimately presented the issue to the jury, and there are, so far as we are able to discover, no specific definite errors committed which will compel us to reverse the case. The court recognized what we ha,ve stated, that the plaintiff’s case rested on her proving to the satisfaction of the jury a specific contract for an agreed wage, and the continuance of the engagement for the period during which she said she worked for the appellant. This question was fairly presented, and the charge as a whole left this, question, and this only, to them for their determination. It is quite true the court told them substantially that there was no verdict which they might render except one which found for the plaintiff for the sum which would be due her at $5.00 a week from the 12th of November to the 21st of December following, less the sum which had been paid, or that they might render a verdict, if they should find that the contract was terminated by the agreement of the parties at any time prior to its alleged ultimate expiration, for the rent of the typewriter, if they should conclude from the evidence that she had hired the machine by the request or the consent of the defendant, and that he agreed to pay the rent. We concede that in some particulars the instructions were not, in all their aspects and particulars, clear and precise, and not drafted, perhaps, in the most satisfactory form. But when we look at the charge as a whole, and at the sharply defined issue, *66 we conclude that the matter was submitted in such a manner that there was very little opportunity for the jury to receive a wrong impression respecting the law, the controversy, and their duty.
The appellant insists that there is a mistake in the computation and that the verdict is too large. If the plaintiff’s claim that she is entitled to $5.00 a week be accepted, and the number of weeks are taken, it figures out exactly the verdict of the jury. There is some insistence in the argument that there ought to have been a deduction for time lost when she was working for other parties and when she was sick. Respecting these matters it need only be said, the plaintiff testified she did the outside work by the consent of the defendant, given because the wages were small and less than the sum usually paid for such work, and that what she did in this matter in no wise prejudiced the defendant or occasioned him loss, or prevented her faithful and prompt discharge of the duties which he called on her to perform. The defendant did not seriously contend at the trial, and we therefore conclude, there was no distinct issue raised on the question, that the stenographer was to lose her wages during the time when she was necessarily absent because of sickness. Such is not the usual custom with reference to clerical employees, and in the absence of a specific denial on this ground we may not infer that there ought to have been a deduction in the recovery for the lost time. Had we concluded otherwise our only legitimate course would be to reduce the recovery to that extent. It is a small item, and it is quite probable the defendant preferred to rest his ease on his claim of a termination of the engagement rather than attempt to reduce the recovery because of the sickness of the employee.
Reaching this conclusion, and discovering no errors in the record, and accepting the verdict of the jury as conclusive on the questions of fact, we must hold that substantial justice has been done between the parties, and that no radical error was committed, which therefore compels the affirmance of the judgment.