[No. 3558.]

McConnell et al. v. Schultz, Administrator, et al.

1. Evidence—*Judicial Notice.* The court is not required to take judicial notice of the distance between different localities, even in the same state, and the ordinary course by which the mail is transmitted.

2. Appeals—*Presumptions,* are all in favor of the regularity of the judgment assailed, e. g., the contrary not appearing by the record it will be presumed that the appellant was present by counsel at the hearing of a motion of which he had notice.

3. Judgment—*Vacating—Mistake, Surprise, etc.* The power conferred upon the courts by sec. 75 of the code is discretionary. To warrant interference with the action of the trial court by a court of review, a gross abuse of discretion must appear.

Where the cause was regularly set down, upon notice to defendant's attorney, for a day forty-nine days later than the assignment, so that ample time was afforded the attorney to advise his clients and prepare for the trial, but he did nothing, and failed to attend at the trial, it was held that no excuse was shown for the neglect.

4. New Trial—*Meritorious Defense—Affidavit,* that the applicant is advised by his counsel that he has a meritorious defense, not stating any fact in support of this allegation, is not sufficient.

A defense resting in the defendant's own illegal conduct, e. g., the action being for defendant's failure to make certain improvements, according to their express covenant, in premises leased to them by the plaintiff, that the premises were leased for and occupied as a gambling house, with the plaintiff's knowledge, will not be accepted as a meritorious defense.

5. Maxims—*In Pari Delicto Potior Est Conditio Defendentis.*  Where, without disclosing the illegal character of the transaction out of which his cause of action arose, plaintiff has secured a judgment against defendants for their failure to make improvements, according to their express covenant, in premises leased for and occupied as a gambling house, relief will not be afforded to them against such judgment, either at law or in equity.

*Appeal from Teller District Court,* Hon. W. S. Morris, Judge.

Messrs. Thomas & Thomas, for appellants.

Mr. Chauncey W. Blackmer, for appellees.

King, J., delievered the opinion of the court.

Both assignments of error relied on relate to the action of the trial court in overruling the motion of appellants to set aside and vacate the judgment herein rendered against them.  In the first assignment the court's action is designated as error; in the second, as an abuse of discretion.

The record shows that issues were joined and the cause ready for trial July, 1905, and that it had been set for trial upon several different dates, but for some reason continued.  May 27th, 1909, the attorney for plaintiffs notified the attorney for defendants (appellants herein) by registered letter deposited in the post-office at Cripple Creek, addressed to said attorney at Alamosa, Colorado, containing the notice, that on the first day of June application would be made to the court to have the cause set for trial.  This notice was received at Alamosa on May 29th, as proven by registry receipt. June 1st the following order was made: "At this day the above entitled cause is set down for trial on July 20th."  On July 23rd the record reads: "And thereupon this cause coming on for trial, as by previous assignment made, the plaintiff appears by his counsel, C. W. Black-

mer, and the said defendants come not either in their proper person or by counsel, and thereupon testimony is introduced in behalf of said plaintiff, and thereupon it is ordered by the court that judgment be entered herein in favor of the plaintiff,'' etc.  Within thirty days thereafter, and during the same term, motion was made to vacate the judgment, alleging as reason therefor that the same had been taken through inadvertence, surprise and excusable neglect, and that the defendants had no notice or knowledge that the cause had been set for trial on the 20th day of July, 1909.  This application was supported by affidavits of the two defendants, both of whom were then non-residents of the state, alleging that they had had no notice or knowledge that the cause had been set for trial, until after judgment was rendered.

1.  The trial court was not compelled, and neither is this court required, to take judicial notice of the distance from Cripple Creek to Alamosa by the sinuous route between those two places, in order to ascertain what time was required to make good service by mail.

''When a legal notice is served by mail, the distance which it travels is a question of fact to be determined by proof.''—*Neely v. Naglee,* 23 Calif., 152.

There is no such proof in this case.  Appellants' attorney had three days' actual notice which gave ample time for him to be present at the hearing on said application.  This is shown by the fact that he received and receipted for the notice at Alamosa within two days from the time it was mailed at Cripple Creek.  Whether he was present at the hearing does not affirmatively appear.  Every intendment is in favor of the regularity in the proceedings of a court of record, and we must presume that appellants' attorney was present when the record does not disclose anything to the contrary.  Error of the court in setting the cause for trial, and thereafter hearing evidence and entering judgment, is not shown.

2.   The granting or denying of an application, under Section 75 of the civil code, to relieve a party from a judgment, order or other proceeding, taken against him through mistake, inadvertence, surprise or excusable neglect, is expressly made discretionary in the court or judge to whom the same is addressed; and to warrant interference by appellate courts, a gross abuse of discretion must appear.—*R. E. Lee S. M. Co. v. Englebach,* 18 Colo., 106-111; *Union Brewing Co. v. Cooper,* 13 Colo. App., 65.   We think in this case no such abuse has been shown.   Appellants' attorney had actual notice of the application to have the cause set for trial.   The date fixed for trial was forty-nine days after June 1st, and the trial took place three days later, giving ample time for the attorney to take such action as he saw fit, and to advise his clients.   No excuse is given for his neglect.

The affidavits of appellants state they are advised by their attorney that they have a "meritorious" defense, but state no facts in support thereof.   Such affidavits were insufficient in that respect.—*Union Brewing Co. v. Cooper, supra.*   But the answer filed discloses the defense, and we think conclusively shows that it was not meritorious, although perhaps, if proven, a sufficient defense in law.   The complaint alleged execution and delivery by defendants of a penal bond in the sum of $500, the condition of which was that defendants would, at their own cost and expense, make and complete certain alterations in, and repairs to, a building which appellants were occupying, or about to occupy, under a lease from the plaintiffs; that they had failed to perform the conditions of the bond, and that damages ensued. The answer admitted the execution and delivery of the bond and failure to perform its conditions, but alleged as the only defense that the building was leased to defendants to be occupied by them for gambling purposes, of which plaintiffs had full knowledge, and that the bond

was entered into at the same time and was a part of the same unlawful transaction, and therefore illegal; that suit had been brought upon the lease, and upon defense being made as to the illegal purpose for which the building was rented, final judgment had been entered in favor of defendants.

Accepting the allegations of appellants' answer as true, it appears that they actually occupied plaintiffs' building until a large amount of rent had accumulated, and then defended successfully against payment thereof by alleging their own illegal acts in which plaintiffs participated, and that they have no other defense in this case. Such defense may be a bar, but we think to call it meritorious is a misuse of language. If defendants can defeat plaintiffs' claim at all, it is not because they do not justly owe the debt, but because the court will not aid either party—the one to enforce his contract, or the other to escape it—but will leave them where it finds them. In this case, granting that the judgment against appellants was obtained because of the neglect of their counsel (but for which defendants might have appeared and by their evidence established a bar to plaintiffs' claim), nevertheless, we think appellants, after judgment, were, and now are, in the situation to which the maxim *"In pari delicto potior est conditio defendentis* (or *possidentis)"* applies. It is settled law that where the parties to an illegal contract, such as this is alleged to be, are *in pari delicto,* neither courts of equity nor courts of law will aid either. Appellants are in a position analogous to that of a party who has paid money upon such a contract, but cannot recover it for the reason that the courts will not assist in such a transaction in any way. In the case of *Norris* v. *Norris, Admr.,* 9 Dana's Ky. Rep., 317, quoted with approval by Chief Justice Hayt in *Branham v. Stallings,* 21 Colo., 211, the court said: ·

"When the parties to an illegal or fraudulent contract are in *pari delicto,* neither a court of equity nor a court of law will aid either of them in enforcing an execution of that which may be executory, or in revoking or rescinding that which may have been executed. In such a case the law will not be an instrument of its own subversion, and, to every invocation of its assistance, replies, '*In pari delicto potior est conditio defendentis.*' "

The bill of exceptions herein shows that plaintiffs established their cause of action by sufficient evidence which gave no suggestion of the illegality of the transaction.

In view of all the circumstances, including the fact that in case of new trial appellants must prevail, if at all, by proof of their own turpitude, we think this court would not be justified in holding that the trial court abused its discretion. The judgment is affirmed.