No. 11,437.

ITALIAN-AMERICAN BANK, ET AL. *v.* LEPORE.

Decided April 26, 1926. Rehearing denied June 1, 1926.

Action to quiet title and to cancel and set aside a promissory note and trust deed. Judgment for plaintiff.

*Reversed.*

1.  QUIETING TITLE—*Action.* An owner of real property having conveyed the legal title, cannot maintain an action to quiet the title, because it is not adverse.

2.  FRAUD—*Fraudulent Conveyance.* Under the statute of frauds, every conveyance of real property made with the intent to hinder, delay or defraud creditors is void, and whether the intent be to hinder and delay creditors or to defraud them, the legal effect is the same.

3.  *Fraudulent Conveyance.* After a conveyance of property to hinder and delay creditors has been executed, the grantor will not be allowed by law or equity to recover his property. Equity will leave the parties where they have placed themselves. Such a conveyance is void only as to the creditor intended to be hindered or delayed.

4.    *In Pari Delicto.*  When the parties are in pari delicto, the law will aid neither.

5.    APPEAL AND ERROR—*Fraudulent Conveyance—Ignorance.*  The contention of a grantor of real property conveyed with intent to hinder and delay creditors, that being a foreigner he did not understand the effect of the conveyance, held not sustained by the evidence and overruled.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. WILLIAM H. ANDREW, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS action was brought by Lepore, as plaintiff in the district court, against the Italian-American Bank, Grant McF'erson, state bank commissioner, E. W. Pfeiffer, special deputy state bank commissioner, and George Briggs as public trustee of Weld county, as defendants, to quiet title and to cancel and set aside a certain promissory note and trust deed.  Trial to the court; findings and judgment for plaintiff, and the defendants, except Briggs, bring the case here.  The parties will be referred to here as there.

This action was brought to quiet title in the plaintiff, to the property conveyed by him in the trust deed, but plaintiff further asked that the note and trust deed be canceled.  The trial court found all the allegations of the complaint to be true and decreed that plaintiff's title be quieted as prayed, and also decreed a cancellation of the trust deed.

The complaint, after setting forth the failure of the defendant bank; the taking charge of the same by defendants McFerson and Pfeiffer, and after setting forth that the plaintiff was the owner in fee and in possession of the premises described in the complaint, alleged that he had executed a promissory note for $3,000, and a trust deed on the property to secure the same, to the public trustee of Weld county, and further alleged: "That prior to said failure, and on to-wit, on or about the 18th day of June, 1923, at the City and County of Denver, state of Colorado, plaintiff being indebted to a creditor, in a certain sum, which he could not then pay, who was threatening to bring an action to collect, and being ignorant of business affairs and his rights in the premises, went to and consulted with Prospero Frazzini, president of said bank, the Italian-American Bank of Denver, with respect to his rights in said matter, and who, as this plaintiff is informed and verily believes and therefore alleges the fact to be, with the intent to cheat and defraud him of his said property, importuned and advised him to execute, and he did execute, said promissory note and trust deed on his said lots, for the purposes only of protecting him in the premises; * * * that there was no consideration for said note and trust deed, that he did not receive, nor was he at that time, or at any other time, indebted to said Bank or any other person, in said sum of $3,000.00 or any other sum of money."

It is clear that plaintiff, having conveyed the legal title to the property, cannot maintain an action to quiet the title, because it is not adverse. *Walker v. Pogue,* 2 Colo. App. 149, 152, 29 Pac. 1017; *Miller v. Hall,* 14 Colo. App. 367, 370, 60 Pac. 194. Neither plaintiff's complaint nor his proof entitle him to any relief.

The plaintiff's argument is, that the note and trust deed were not executed to defraud creditors, nor the particular creditor mentioned in the evidence to whom he was indebted; he admits that his intention and pur-

pose was to hinder and delay his creditor, but he claims that because he did not intend to defraud him he is entitled to the relief sought. We do not concur in this view, nor do the authorities support it.

Our statute of frauds (Compiled Laws 1921, § 5116) provides that every conveyance made "with the intent to hinder, delay or defraud creditors" shall be void as against the person so hindered, delayed or defrauded. Whether the purpose and intent be to hinder or delay creditors, or to defraud them, the legal effect is the same. In 12 R. C. L. p. 536, it is said: "If, however, the intention to hinder and delay creditors is not only present in the mind of the debtor, but is also the object and constitutes a part of the cause for the execution of the conveyance, the transaction is void." *Baldwin v. Peet,* 22 Tex. 708, 716, 75 Am. Dec. 806.

The evidence was clear, conclusive and undisputed, that the note and trust deed were executed by plaintiff for the express purpose and intent of hindering and delaying his creditor.

It has been held by a long line of decisions, and very few to the contrary, that in cases of this character, after the contract has been executed the grantor will not be allowed by law or in equity to recover his property where it appears that he conveyed it to hinder, delay or defraud his creditors. Equity will leave the parties where they have placed themselves. The conveyance was void only as to the creditor intended to be hindered or delayed. The plaintiff cannot recover in the instant case without exhibiting his own wrongdoing, and when he does this the court must deny him relief. *Brady v. Huber,* 197 Ill. 291, 64 N. E. 264, 90 Am. St. Rep. 161.

In that case the Supreme Court of Illinois held that where it is orally agreed between a grantor and grantee that title should be held for the grantor in fraud of his creditors, equity will not compel a reconveyance at the suit of the grantor. The trial court held that the deed should be reformed. The Supreme Court said: "The bill

should have been dismissed. Neither courts of law or in equity afford him a remedy to reform or cancel the deed or restore the title to him, or any remedy to her to disturb him in the possession of the property.''

This left the parties precisely as they were at the time of the institution of the suit.

In *Lathrop v. Pollard,* 6 Colo. 424, 427, this court held that where one executes a conveyance of real estate to another for the purpose of hindering, delaying or defrauding creditors, equity will not compel a reconveyance.

*Peterson v. Brown,* 17 Nev. 172, 30 Pac. 697, was an action in ejectment to recover the possession of a town lot. Defendant filed an answer alleging that he voluntarily executed and delivered the deed, under which the plaintiff claimed for the sole purpose of hindering, delaying and defrauding his creditors, and that plaintiff accepted the deed with full knowledge of the facts, and agreed, upon demand and without consideration, to reconvey the property to the defendant. The Supreme Court held that the answer set up no defense to the action. The court said the rule was well settled that ''whatever the parties to an action have executed for fraudulent or illegal purposes, the law refuses to lend its aid to either party to disturb.'' *McCausland v. Ralston,* 12 Nev. 195, 206, 28 Am. Rep. 781; *Bradtfeldt v. Cooke,* 27 Ore. 194, 40 Pac. 1.

When the parties are in pari delicto the law will aid neither. *Branham v. Stallings,* 21 Colo. 211, 215, 40 Pac. 396, 52 Am. St. Rep. 213; *Oliver v. Wilder,* 27 Colo. App. 337, 149 Pac. 275; *McConnell v. Schultz,* 23 Colo. App. 194, 199, 128 Pac. 876; *Day v. Broyles,* 71 Colo. 196, 205 Pac. 273; *Baker v. Couch,* 74 Colo. 380, 383, 221 Pac. 1089.

In *Branham v. Stallings, supra,* this court said: ''Subject to a few well known exceptions, the law is well established that where such a contract is executory the

law will not aid either party to enforce its execution, and where it has been executed, or money paid in pursuance thereof, the law will not aid the party to recover back the amounts paid."

In *Oliver v. Wilder, supra,* the court announced the rule to be that if, from the plaintiff's own stating or otherwise, the cause of action appears to arise ex turpi causa, the court will render no assistance. Citing authorities.

In the case of *Norris v. Norris' Adm'r,* 9 Dana's Ky. Rep. 317, 35 Am. Dec. 138, the court said: "When the parties to an illegal or fraudulent contract are in pari delicto, neither a court of equity nor a court of law, will aid either of them in enforcing the execution of that which may be executory, or in revoking or rescinding that which may have been executed."

This was cited with approval in *Branham v. Stallings, supra,* and in *McConnell v. Schultz, supra.*

*Day v. Broyles, supra,* was a case where the plaintiff in error brought suit against the defendant in error to cancel an endorsement made by the former to the latter of a note payable to them jointly. The trial court dismissed the bill because the plaintiff's testimony showed that the endorsement was made for the purpose of defrauding her creditors. The judgment was affirmed.

In *Baker v. Couch, supra,* Mr. Justice Burke, in delivering the opinion of the court, said: "Where the contract or transaction in question is illegal, fraudulent or immoral, and there is mutual misconduct of the parties with respect thereto, neither law nor equity will aid either to enforce, revoke or rescind. To such disputes the courts will not listen and the parties thereto they will leave in the exact position in which they have placed themselves. It is immaterial whether information of such illegality comes from plaintiff or defendant, or is disclosed by pleadings or evidence."

We are aware that there are some authorities holding to the contrary. *Devlin v. Quigg,* 44 Minn. 534, 47 N. W. 258, 10 L. R. A. 665, 20 Am. St. Rep. 592; *Moffett v. Parker,* 71 Minn. 139, 73 N. W. 850, 70 Am. St. Rep. 319; *Still v. Buzzell,* 60 Vt. 478, 12 Atl. 209. We know of no other authorities so holding.

It is indirectly claimed that in the instant case the parties were not in pari delicto, in that Frazzini was a shrewd business man and banker, while Lepore was ignorant of our language, uneducated and unable to cope with the shrewdness of Frazzini, who overreached him; that Lepore did not understand the effect of what he was doing when he executed the papers in question; did not realize their significance, nor the legal effect of his action. We do not think the evidence justifies this contention.

While it appears from the evidence quite clearly that Lepore was an Italian, very largely ignorant of our language, could speak it with difficulty, and perhaps uneducated, still we think the evidence shows that he clearly understood what he was doing at the time he executed the note and trust deed, and understood the purpose for which they were executed.

The judgment should be reversed and remanded with direction to dismiss the action. Reversed and remanded.

### *On Rehearing.*

Per curiam.

Certain matters have been urged in the petition for rehearing which seem to make it proper to suggest that we have not passed upon the right of the defendants to foreclose the security in court, nor their right to obtain relief in an action in unlawful detainer in case the security should be foreclosed out of court.

The petition for rehearing is denied.