## No. 12,522.

NASH ET AL. *v.* GURLEY.

(3 P. [2d] 791)

Decided September 21, 1931.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiffs in error.

Mr. FRED S. CALDWELL, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Gurley and the defendants were copartners in a mail order mercantile business carried on in Denver,

Colorado, under the partnership name of "Vital-O Gland Company." Because of a fraud order issued by the postal authorities of the United States Government, this partnership was compelled to discontinue the business of selling its tablets and other merchandise in which, before the order was issued, it had been engaged. The object of the present action by Gurley against the defendants was for an accounting of the copartnership business. The defendants were duly served with summons, appeared by counsel and filed a motion attacking the complaint on various grounds. The motion was overruled and the defendants asked for, and were granted, a certain time within which to demur to the complaint and a longer time for answering. The defendants failed to file a demurrer or an answer to the complaint within the time as fixed by the order of the trial court, or at all, and upon plaintiff's application therefor the court entered the default of the defendants and proceeded to the trial of the action and found for the plaintiff and entered judgment against the defendants in the sum of $928.38. Thereafter the defendants filed an application to have such default judgment set aside and tendered a verified answer to the court for filing. Upon plaintiff's objection thereto the court refused the application of the defendants.

In the state of this record we cannot interfere with the judgment of the trial court. In *McConnell v. Schultz*, 23 Colo. App. 194, 128 Pac. 876, our Court of Appeals, in an opinion by Judge King, said that the granting or denying of an application under the section of the Civil Code which affords relief in certain cases to a party from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, is expressly made discretionary in the court or judge to whom the same is addressed, and to warrant interference by appellate courts a gross abuse of discretion must appear. Applications of this nature must be supported by affidavit. Upon review such affidavits are made part of the record by bill of exceptions. There is here no such sup-

porting affidavit in a bill of exceptions. There is nothing, therefore, upon which we can properly act to ascertain whether the order of the court in refusing the defendants' application to have the default judgment against them set aside, was justified. We are precluded, therefore, from affording any relief to the plaintiffs in error. See, also, *Royal Exchange Assurance v. George Tritch Hardware Co.*, 86 Colo. 368, 281 Pac. 918.

The trial court based its decision denying the defendants' application to set aside the default judgment upon two grounds: One ground was that the answer tendered for filing was insufficient; and the other, inexcusable neglect on the part of the defendants in complying with the court's order fixing the time within which to file an answer to the complaint. Although the transcript of the record includes an affidavit of defendants' attorney, which purports to excuse their failure to file a motion or demurrer to the complaint within the time fixed by the order of the court, it is improperly there. It is not, and does not purport to be, included in a bill of exceptions approved by the trial court. Under our repeated decisions we cannot consider this affidavit or interfere with the judgment of the trial court in refusing to set aside the default judgment. It is therefore affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE ALTER and MR. JUSTICE HILLIARD concur.