588 P.2d 894 (1978)
Doris M. MOHLER, Robert R. Marshall, and Talwin J. Ruttum, Plaintiffs-Appellees,
v.
BUENA VISTA BANK AND TRUST COMPANY, Defendant-Appellant.
No. 77-770.
Colorado Court of Appeals, Division III.
December 21, 1978.
*895 Cosgriff, Dunn & French, Timothy H. Berry, Leadville, for plaintiffs-appellees.
Feldhamer, Plotz & Eskwith, P.C., Carl Feldhamer, Buena Vista, for defendant-appellant.
SILVERSTEIN, Chief Judge.
Plaintiffs commenced this action under C.R.C.P. 105 and 57 to quiet title to certain real property located in Chaffee County. The defendant, Buena Vista Bank and Trust Company, (Bank) answered, claiming an interest in the property. The trial court entered a decree quieting plaintiffs' title and declaring that the Bank had no interest in the property. The Bank appeals and we affirm.
Plaintiff, Doris Mohler, originally took title to the property from her husband, William Mohler, on January 14, 1974, as part of a property settlement incident to the dissolution of their marriage. In addition, Mrs. Mohler received, as part of the settlement, all of the stock in her husband's corporation, W. M. Sales, Inc. On March 6, 1974, Mrs. Mohler conveyed the real property to the corporation to keep it out of reach of a potential creditor, her attorney. There was, at this time, an understanding between Mrs. Mohler and the corporation that the property would be reconveyed to her when the fee dispute with her attorney was resolved. In January of 1975, the property was in fact reconveyed to Mrs. Mohler by W. M. Sales, Inc.
In July of 1975 the Bank obtained a judgment against W. M. Sales, Inc., based on the default of a promissory note assigned by the corporation to the Bank with recourse. A transcript of this judgment was duly recorded in the Chaffee County Clerk and Recorder's office on October 3, 1975.

I.
The corporation, as the judgment debtor, was not the owner of the property on the date the judgment lien would have attached. See § 13-52-102, C.R.S.1973. The Bank thus contended that the January 1975 transfer by W. M. Sales, Inc., to Doris Mohler was void under § 38-10-117, C.R.S. 1973, as a fraudulent conveyance.
The statute provides in part: "Every conveyance . . . of any estate or interest in lands, . . . made with the intent to hinder, delay, or defraud creditors . . . of their lawful suits . . . as against the person so hindered, delayed, or defrauded shall be void."
The trial court found as a matter of fact, see § 38-10-120, C.R.S.1973, that the conveyance was not made with any intent to defraud the Bank. Only three witnesses testified at trial, Mrs. Mohler, Mr. Hanson, a Bank official, and Ms. Albrook, a director of the corporation, its secretary, and Mrs. Mohler's sister. No direct testimony was elicited as to the corporation's fraudulent intent in making the conveyance. To the contrary, Mrs. Mohler and Ms. Albrook testified that Mrs. Mohler was at all times considered the beneficial owner of the land, and that an understanding existed between Mrs. Mohler and W. M. Sales, Inc., dating from the March 1974 conveyance to the corporation, that she could have the property reconveyed whenever she desired.
Viewing this evidence in the light most favorable to the prevailing party, see Linker v. Linker, 28 Colo.App. 136, 470 P.2d 882 (1970), we agree that the Bank did not meet its burden of establishing an intent to defraud. See Homestead Mining Co. v. Reynolds, 30 Colo. 330, 70 P. 422 (1902).
The Bank, however, now contends that the trial court erred in failing to make a finding concerning an intent to "delay or hinder" creditors, within the statute. We agree that it is not necessary for a creditor to establish intent to defraud, and that a *896 conveyance may be set aside as fraudulent if there is sufficient evidence of intent either to "hinder or delay." See Italian-American Bank v. Lepore, 79 Colo. 466, 246 P. 792 (1926); Helm v. Brewster, 42 Colo. 25, 93 P. 1101 (1908); Curran v. Rothschild, 14 Colo.App. 497, 60 P. 111 (1900).
On this phase of the case, the Bank argues that the conveyance may be set aside merely because it resulted in hindrance or delay to the Bank. In support of this proposition, Curran, Helm, and Italian-American Bank, supra, are cited. However we do not read these cases as abrogating the intent requirement and allowing a creditor to set aside a conveyance merely upon a showing that hindrance or delay has resulted. In Curran and Italian-American Bank, an intent or purpose to hinder or delay was established. In Helm, the grantor and grantee were husband and wife, a special situation in which fraud is presumed. See Gutheil v. Polichio, 103 Colo. 426, 86 P.2d 972 (1939). We cannot read out of § 38-10-117, the explicit requirement that "intent to hinder, delay, or defraud" be established. See Homestead Mining Co. v. Reynolds, supra.

II.
The Bank contends that the trial court erred in finding that the Bank had no interest in the property by virtue of a certain deed of trust and collateral note.
In May of 1973, William Mohler and W. M. Sales, Inc., executed a deed of trust and assignment of rents and a collateral note in favor of the Bank. The deed of trust was a conveyance of the property involved in this action, securing a loan of $40,000 to Mr. Mohler and the corporation. It contained the following clause:
"This instrument secures: (c) All sums advanced, incurred, or spent hereafter by the Bank as herein provided . . . and all other sums, liabilities and demands, direct or contingent, now or hereafter owing, contracted or existing and howsoever acquired, to the Bank, from the Grantors." (emphasis added)
The $40,000 note is apparently not in default and the Bank has not foreclosed the deed of trust. The Bank here contends only that the above emphasized clause gives it the right to resort to the property on its claim against W. M. Sales, Inc., for the amount owing as a result of the default on the recourse note. The issue thus presented is whether W. M. Sales, Inc.'s contingent liability on the recourse note is a "sum, liability, or demand" within the meaning of the deed of trust. We hold that it is not.
The clause is a so-called "dragnet" clause and should be strictly construed against the party drafting it. United States v. American National Bank, 255 F.2d 504 (5th Cir. 1958). A debt owing to the Bank by the deed of trust grantor should not be considered within the ambit of the dragnet clause unless reasonably within the contemplation of the parties at the time the deed of trust was executed. See Airline Commerce Bank v. Commercial Credit Corp., 531 S.W.2d 131 (Tex.Civ.App.1975) and Moss v. Hipp, 387 S.W.2d 656 (Tex. 1965).
Here, except for the documents themselves, no evidence was adduced at trial bearing on the parties' intent. We note, however, that the clause states that only those sums owing to the Bank "from the Grantors" are secured by the deed of trust. The "Grantors" were "W.L. Mohler, d/b/a W. M. Sales, Inc." The recourse note which was assigned to the Bank was payable only to W. M. Sales, Inc., and was assigned by the corporation to the Bank. It thus appears that the Bank's only recourse was against the corporation. If the corporation alone owes a debt to the Bank, then this is not a sum owed to the Bank "from the Grantors" of the deed of trust, within the contemplation of the parties to that instrument. See United States v. American National Bank, supra; and Americus Finance Co. v. Wilson, 189 Ga. 635, 7 S.E.2d 259 (1940).

*897 "[T]he nature and amount of the indebtedness secured by the mortgage must be so expressed that subsequent purchasers and attaching creditors need not look beyond the mortgage itself to ascertain both the existence and amount of the debt." Smith v. Haertel, 125 Colo. 348, 244 P.2d 377 (1952).
The trial court did not err in finding that the Bank has no claim against the property involved in this case under the deed of trust.
The trial court properly quieted plaintiffs' title and declared that the Bank had no interest therein.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.