**SMITH OFFICE SERVICE, INC.,
Plaintiff–Appellant,**

v.

**Sandra Rae KELLEY and Colorado
Message Center, Inc.,
Defendants–Appellees.**

**No. 85CA1673.**

Colorado Court of Appeals,
Div. VII.

Sept. 22, 1988.

Winzenburg and Leff, Richard R. Swan, Lawrence B. Leff, Denver, for plaintiff-appellant.

Delaney & Balcomb, P.C., Robert M. Noone, Glenwood Springs, for defendants-appellees.

CALVERT *, Judge.

Smith Office Service, Inc. (Smith), appeals the trial court's determination that transfers to Sandra Rae Kelley and Colorado Message Center, Inc., (defendants) were not subject to the Bulk Transfers Act and were not intended to hinder, delay, or defraud creditors. We affirm.

Kelley negotiated to buy a telephone answering service owned by one Guinn, but no contract was signed. Subsequently, with Guinn's cooperation, Kelley arranged with Guinn's landlord to take over her office space and pay her back rent. Kelley also arranged with the telephone company to take Guinn's business number and to use its switchboards that Guinn had in her office. Kelley took over the answering service and kept Guinn's customers, but changed the business name. Smith, Guinn's judgment creditor, brought this action to set aside the transaction for failure to comply with the Bulk Transfers Act or as a fraudulent conveyance. The trial court ruled in favor of defendants on both claims.

## I.

Defendants contend that this appeal must be dismissed because Smith was suspended from doing business in Colorado before the appeal was filed and therefore is not competent to pursue an appeal. We disagree.

When a suspended corporation is reinstated, its powers are restored retroactively to the date of the suspension. *Rocky Mountain Sales & Services, Inc. v. Havana RV, Inc.*, 635 P.2d 935 (Colo.App. 1981). Here, Smith has shown that it has

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1987 Cum.Supp.).

been reinstated and so may pursue this appeal.

## II.

 Smith contends the trial court erred in finding that the Bulk Transfers Act was not applicable to the transaction. We disagree.

The Bulk Transfers Act, § 4–6–101, et seq., C.R.S. (1987 Cum.Supp.), applies where a covered enterprise transfers covered inventory or equipment. Service businesses are covered enterprises. Section 4–6–102(3), C.R.S. (1987 Cum.Supp.). However, only goods are covered by the Act. See §§ 4–6–102(1) and (2), C.R.S. (Official Comment 3), and § 4–9–109, C.R.S. "Goods" are defined as "all things (including specially manufactured goods) which are movable at the time of identification...." Section 4–2–105, C.R.S.

Here, Guinn transferred the right to use office space, the right to use telephone equipment, and a customer list. The use rights clearly are not goods, and are not covered by the Bulk Transfers Act. Neither party cites any authority, nor have we found any, that would characterize a customer list as goods. Therefore, we conclude that the customer list was not covered. The furniture and equipment in the office were removed by a third party rather than Kelley. Therefore, the Bulk Transfers Act did not apply to the transaction between Guinn and Kelley.

## III.

Smith contends that the trial court erred in concluding that the transfers were not made with the intent to hinder, delay, or defraud creditors. We disagree.

Section 38–10–117, C.R.S. (1987 Cum.Supp.) voids the conveyance of any interest in lands and goods made with the intent to hinder, delay, or defraud creditors. The creditor here has the burden of showing, *inter alia*, the grantor's fraudulent intent. *See Wright v. Nelson*, 125

Colo. 217, 242 P.2d 243 (1952). The fact that the conveyance did hinder Smith in collecting its judgment does not establish that it was intended to do so. *See Mohler v. Buena Vista Bank & Trust Co.*, 42 Colo.App. 4, 588 P.2d 894 (1978). The trial court's findings and conclusion that there was no intent to hinder, delay, or defraud creditors are supported by the record and will not be disturbed on review. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

JUDGMENT AFFIRMED.

PIERCE and STATLER **, JJ., concur.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1987 Cum.Supp.).