Hans–Martin SCHEMPP,
Plaintiff–Appellant,

v.

LUCRE MANAGEMENT GROUP,
LLC and Richard L. Rollings,
Defendants–Appellees.

No. 02CA0731.

Colorado Court of Appeals,
Div. IV.

July 3, 2003.

Kennedy & Kennedy, P.C., Cynthia T. Kennedy, Lafayette, Colorado, for Plaintiff Appellant.

Samson, Pipis & Marsh, LLC, Richard A. Marsh, Longmont, Colorado, for Defendants Appellees.

Opinion by Judge NIETO.

In this action under the Colorado Uniform Fraudulent Transfer Act (CUFTA), § 38–8–101, et seq., C.R.S.2002, plaintiff, Hans–Martin Schempp, appeals the judgment entered

in favor of defendants, Lucre Management Group, LLC and Richard L. Rollings. We affirm.

Plaintiff held a judgment against Helmut Schaal, who is not a party to this action. Plaintiff registered the judgment in Adams County District Court as a foreign judgment. Plaintiff then commenced this action after Schaal sold ten office condominium units to defendants in 1996. Plaintiff asserted that Schaal did not receive a reasonable equivalent value in exchange for the property and that the property was transferred to Lucre with actual intent to hinder, delay, or defraud Schaal's creditors.

A trial to the court was held, and the court dismissed plaintiff's claims on defendants' motion at the conclusion of plaintiff's case. Plaintiff appealed, and a division of this court reversed the dismissal order and remanded the case to the trial court for further proceedings. *See Schempp v. Lucre Mgmt. Group, LLC,* 18 P.3d 762 (Colo.App. 2000)(*Schempp I* ).

After a second trial, in which the parties presented additional testimony and evidence, the court found that Lucre paid reasonably equivalent value for the units and therefore plaintiff was not entitled to recover pursuant to §§ 38–8–105(1)(b) or 38–8–106(1), C.R.S. 2002. The court further found that plaintiff was not entitled to recover under § 38–8–105(1)(a), C.R.S.2002, because he failed to prove that Rollings or Schaal made the transfer with the actual intent to hinder, delay, or defraud creditors. The court discharged the receivership concerning the units and ordered that they be returned to Lucre. This appeal followed.

## I.

■ As a preliminary matter, we address defendants' contention that this appeal is now moot because plaintiff, through a company that he owns, purchased the units at a foreclosure sale in 2001. Defendants allege facts outside the record to show mootness, and the record has not been supplemented to support these factual allegations. Further, they do not cite any legal authority in addressing this issue. Therefore, we conclude that the issue has not been adequately briefed, and we do not consider it. *See Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo.App.1991)(counsel must inform the court as to the specific errors relied upon, supporting facts in the record, and legal authority supporting claims).

## II.

■ Plaintiff contends that the trial court clearly erred in its factual findings concerning the factors in § 38–8–105(2), C.R.S.2002, and in its ultimate conclusion that neither Schaal nor Rollings transferred the units with the intent to hinder, delay, or defraud creditors. We disagree.

■ Section 38–8–105(1)(a) provides that a transfer is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor. Section 38–8–105(2) provides a number of factors that may be considered in determining actual intent under § 38–8–105(1)(a). These factors, or "badges of fraud," are used because the intent to hinder, delay, or defraud creditors is seldom susceptible of direct proof. "While a single badge of fraud may only create suspicion of fraud, several badges of fraud considered together may infer intent to defraud." *Schempp I, supra,* 18 P.3d at 764.

■ "[F]or purposes of CUFTA, the intent of the transferee can be imputed to the debtor when the transferee is in a position to dominate or control the disposition of the debtor's property." *Schempp I, supra,* 18 P.3d at 765.

■ Whether a debtor intended to hinder, delay, or defraud creditors is a question of fact. Thus, we determine whether there is evidentiary support for the trial court's findings. The credibility of witnesses and the sufficiency, probative effect, and weight of the evidence are committed to the sound discretion of the trial court. On review, we must view the record in the light most favorable to the judgment. *Silverberg v. Colantuno,* 991 P.2d 280 (Colo.App.1998). The trial court's factual findings must be accepted unless they are so clearly erroneous as to find

no support in the record. *Tiger v. Anderson,* 976 P.2d 308 (Colo.App.1998).

The trial court considered each of the factors in § 38–8–105(2), and plaintiff challenges the findings on all factors except those relating to § 38–8–105(2)(a), where the court found that the transfer to Lucre and Rollings was to an insider; § 38–8–105(2)(f), where the court found that Schaal had absconded; and § 38–8–105(2)(k), which the court found to be inapplicable. We address each challenged finding in turn.

### A. Section 38–8–105(2)(b)

■ The trial court found that Schaal did not maintain possession or control of the units following the transfer. Plaintiff contends that this finding is erroneous because Rollings, who is Schaal's agent, retained possession, and Rollings's possession of the units should be imputed to Schaal. We are not persuaded.

Initially, we reject plaintiff's assertion that the division in *Schempp I* mandated that the trial court collapse the debtor and his agent when determining whether to impute the transferee's intent to the debtor. The division in *Schempp I* held only that the intent of the transferee may be imputed to the debtor, not that the transferee's intent is interchangeable or synonymous with the debtor's intent.

Plaintiff does not allege that defendants' retention of the property allowed Schaal to retain any degree of possession or control over the units, nor does he explain how defendants' retention of the property indicates the fraudulent intent of Schaal. Thus, we conclude that the trial court did not err in finding that this factor was not established.

### B. Section 38–8–105(2)(c)

■ The trial court found that the transfer was not concealed. Plaintiff contends that the trial court erred because there was evidence that Rollings concealed the nature of the transaction from Schaal. We disagree.

■ This factor, by its plain language, addresses whether the transaction was concealed generally. *See In re Thomason,* 202 B.R. 768 (Bankr.D.Colo.1996)(transfer was concealed where assignment was never recorded in the public records or revealed to trustee and creditors of defendant); *see also Walton v. First Nat'l Bank,* 13 Colo. 265, 277, 22 P. 440, 444 (1889)("an agreement between the party giving and the party receiving ... an instrument that it shall be kept from the public, or that it shall not be entered of record for an unreasonable or indefinite time, is one of the strongest badges of fraud").

While plaintiff cites to evidence that Rollings sought to conceal the nature of the transaction, plaintiff does not contest the court's findings that the transfer here was not concealed generally, that the purchase agreement discloses that Rollings was the manager of Lucre, and that the transaction was recorded. Thus, we conclude that the trial court properly found that concealment was not established.

### C. Section 38–8–105(2)(d)

■ The trial court found that while Schaal had been sued prior to the transfer in question, there was evidence that he had substantial assets that reduce the significance of these lawsuits. Plaintiff contends that the court erred in considering mitigating circumstances rather than simply concluding that the factor favored plaintiff.

■ However, the list of factors in § 38–8–105(2) is not exclusive, and a court should evaluate all the relevant circumstances in considering the factors. "Thus the court may appropriately take into account all indicia negativing as well as those suggesting fraud...." Section 38–8–105 cmt. 6. Therefore, we perceive no error by the trial court in considering this evidence.

### D. Section 38–8–105(2)(e)

■ The court found that the transfer did not dispose of substantially all of Schaal's assets because Schaal held significant assets following the transfer. Plaintiff argues that the only evidence before the trial court to support this finding was Rollings's testimony concerning Schaal's assets and that it was improper for the court to rely on this testimony because it was not based on actual

knowledge of Schaal's ownership interests. However, Rollings testified that he was an accountant for Schaal and had knowledge of Schaal's assets. He further testified that in 1995, Schaal was a director and substantial shareholder of certain entities, and that after the transfer at issue here, those entities sold real property for a total of $2,740,000. He further testified that in 1995 the property had no mortgage debt.

Therefore, there is evidence to support the trial court's finding that the transfer did not include substantially all of Schaal's assets.

### E. Section 38–8–105(2)(g)

■ The court found that the evidence did not show that Schaal removed or concealed assets. Plaintiff argues that the transfer of the units to Lucre constitutes removal of Schaal's assets from his creditors. Plaintiff's argument assumes that the transfer to Lucre was fraudulent. It would be improper for the court to assume that the transfer was fraudulent and then use that assumption in weighing one of the factors used to determine whether the transfer was fraudulent.

Further, as the trial court found, the transfer was not concealed and was recorded. Plaintiff does not explain how the sale constituted concealment of assets by Schaal. To the extent that plaintiff argues that the court erred in finding otherwise, we reject his argument.

### F. Section 38–8–105(2)(h)

■ The trial court found that plaintiff failed to prove that the $94,000 per unit received by Schaal was not reasonably equivalent value under the circumstances.

Reasonably equivalent value, in the context of CUFTA, is not wholly synonymous with market value. However, market value is an important factor to consider in the assessment. Determination of reasonably equivalent value requires analysis of all the facts and circumstances surrounding the transaction. The standard of "reasonably equivalent value" implies a rule of reasonableness in light of the particular circumstances.

*Schempp I, supra,* 18 P.3d at 765 (citation omitted); *Silverberg v. Colantuno, supra.*

■ Plaintiff argues that the court's finding is clearly erroneous because it ignores the value of the units to plaintiff, who could have sold the units individually for a price greater than Schaal received for their bulk sale. However, the division in *Schempp I* concluded that the trial court properly considered the bulk sales aspect of the transaction in determining reasonably equivalent value. That conclusion is the law of the case, and we follow it here. *See Giampapa v. Am. Family Mut. Ins. Co.,* 64 P.3d 230, 243 (Colo. 2003)("When a court issues final rulings in a case, the 'law of the case' doctrine generally requires the court to follow its prior relevant rulings.").

While there was evidence of a range of offers to purchase similar units, some for more and some for less than $94,000 per unit, the court found evidence of a comparable bulk sale to be most convincing. That transaction involved a bulk sale of similar units and one larger unit in the same complex. There was conflicting evidence concerning how the total sales price in that transaction should be allocated among the units purchased, but the trial court credited evidence that the similar units sold for $90,000 each.

Thus, the court's finding that Schaal received reasonably equivalent value is supported by the record, and we will not disturb it.

### G. Section 38–8–105(2)(i)

■ The trial court found that plaintiff did not prove that Schaal was insolvent at or near the time he transferred the units. The court found that there was evidence that Schaal had assets in other states and countries and that plaintiff did not provide evidence of the disposition of those assets. It noted that while there was some evidence that Schaal failed to pay some of his debts as they became due, plaintiff did not show that Schaal generally failed to do so, and thus, there was no presumption that Schaal was insolvent pursuant to § 38–8–103(2), C.R.S. 2002.

Section 38–8–103(2) provides that "A debtor who is generally not paying his debts as they become due is presumed to be insolvent."

Plaintiff contends that the evidence was undisputed that Schaal was not paying his debts as they became due. Indeed, there was evidence that Schaal failed to honor checks of $650,000 and $60,000, did not pay taxes as they became due, allowed property belonging to his partnership to be foreclosed on, and had outstanding loans he was not paying. However, as the trial court found, there was evidence that Schaal had significant assets in Colorado and in other states and foreign countries. The court obviously inferred that, given the widespread nature and extent of Schaal's assets, evidence of failure to pay some debts was not sufficient to prove that he was "generally not paying his debts."

Accordingly, this finding was not clearly erroneous.

### H.  Section 38–8–105(2)(j)

█ The court found that the transfer did not occur shortly before or after a substantial debt was incurred. Plaintiff argues that this finding is erroneous because Schaal issued a check for $650,000 that did not clear. However, the point in time that the bank failed to honor the check was not the point at which Schaal incurred the underlying debt. Plaintiff does not cite to any evidence indicating the nature of the debt for which Schaal issued the check or the date such debt was incurred. Thus, the evidence presented does not show when the debt was incurred, and we reject his argument.

In conclusion, because the trial court properly weighed and considered all the factors in reaching its conclusion that neither Rollings or Schaal had actual intent to defraud creditors, we perceive no basis to overturn that decision.

### III.

Plaintiff also contends that, because Schaal could have set aside the transfer to defendants based on Rollings's breach of his fiduciary duty as Schaal's agent, plaintiff should be placed in Schaal's position and allowed to have the transfer set aside. We disagree.

█ CUFTA does not provide for a creditor to set aside a transaction based on an agent's breach of fiduciary duty to a principal. Instead, a creditor's right to impeach a transfer depends on a finding of its fraudulent character. *See In re Int'l Resorts, Inc.,* 46 B.R. 405 (N.D.Ala.1984)(while an officer's or agent's unauthorized act may be voidable by a corporation, the corporation's creditor cannot hold the officer or agent responsible for such an act because no fiduciary duty is owed to the creditor); *O'Conner Mining & Mfg. Co. v. Coosa Furnace Co.,* 95 Ala. 614, 10 So. 290 (1891)(creditors are not entitled to disaffirm a transfer of the property of the corporation made by its directors or other agents merely because the corporation itself or its stockholders could have done so; a creditor's right to impeach the transaction depends on its fraudulent character).

Accordingly, we reject plaintiff's argument that he is entitled to "stand in the shoes" of Schaal and undo the conveyance based on a breach of fiduciary duty by Rollings.

### IV.

█ Plaintiff also contends that the evidence did not support the trial court's finding that the transaction between Schaal and defendants was arm's length. We disagree.

The trial court found that Schaal was aware that he was selling the units to a corporation controlled by Rollings. The court based the finding on evidence that the contract between Schaal and Lucre indicated that Rollings was the manager of Lucre and that Schaal initialed or signed each page of the agreement. Thus, the court's conclusion that the transaction was arm's length is supported in the record.

█ Plaintiff also argues that defendants had made a judicial admission that Schaal was not aware of defendants' involvement in the transfer. However, while this argument is addressed in plaintiff's reply brief, it was not identified as an issue in his opening brief, but mentioned only in a footnote without citation to any legal authority. Under these

circumstances, this issue was not properly raised on appeal. *See Province v. Johnson,* 894 P.2d 66 (Colo.App.1995)(arguments raised for the first time in reply brief are not properly raised).

 In any event, we reject plaintiff's argument that the statement in question was a judicial admission.

 "A judicial admission is a formal, deliberate declaration which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *Kempter v. Hurd,* 713 P.2d 1274, 1279 (Colo.1986).

Plaintiff refers to an argument defendants made in their initial trial brief, which was based on an affidavit presented by plaintiff. The argument was not an unequivocal adoption of plaintiff's evidence on that issue and thus was not a judicial admission. *See Kempter v. Hurd, supra,* 713 P.2d at 1279.

## V.

 Plaintiff contends that the trial court erred in failing to conclude that the transaction was presumptively fraudulent because an agency relationship existed between Schaal and Rollings. We disagree.

Plaintiff relies on *Gutheil v. Polichio,* 103 Colo. 426, 86 P.2d 972 (1939), to support his argument. However, that case is inapposite because it involved a transaction between a husband and wife, which is a special situation in which fraud is presumed. *See Mohler v. Buena Vista Bank & Trust Co.,* 42 Colo.App. 4, 588 P.2d 894 (1978). Plaintiff has cited no authority, and we are aware of none, for the proposition that a presumption of fraud attaches to a transfer between a principal and an agent who are not husband and wife.

Moreover, pursuant to § 38–8–105, the intent to hinder, delay, or defraud creditors must be established by the creditor, typically by showing a number of "badges of fraud." Nothing in § 38–8–105 indicates that plaintiff's burden of proving fraudulent intent may be reduced by attaching a presumption of fraud to a transaction between a principal and agent. *See In re Thomason, supra,* 202 B.R. at 771 ("under [CUFTA], the burden of proof lies with the Plaintiff creditor to prove each and every element of a fraudulent transfer under the statute before the debtor ... Defendants must come forward to prove their entitlement to the defense of good faith and reasonably equivalent value"); *Mohler v. Buena Vista Bank & Trust Co., supra,* 42 Colo.App. at 6, 588 P.2d at 896 ("We cannot read out of [the former Fraudulent Transfer Act] the explicit requirement that 'intent to hinder, delay, or defraud' be established.").

The judgment is affirmed.

Judge GRAHAM and Judge PLANK * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.